OPINION OF THE COURT
Thomas P. Phelan, J.
Plaintiff’s application for (1) summary judgment pursuant to *193 CPLR 3212 against defendant Patrick W. Smith, Jr. and (2) for a default judgment pursuant to CPLR 3215 against Michael G. Smith is denied.
Cross motion by defendant, Patrick W. Smith, Jr., which in part seeks dismissal of plaintiff’s complaint for failure to comply with section 136.5 of the Rules of the Chief Administrator of the Courts (22 NYCRR) is granted.
Section 136.5 in pertinent part provides that when a client and attorney cannot agree as to the attorney’s fee, counsel must advise client in writing, by certified mail or personal delivery, of client’s right to binding arbitration in order to resolve the dispute. If client fails to request binding arbitration within 30 days, counsel may commence an action to recover the fee. The complaint in any such action must allege client’s receipt of a notice of right to arbitration and a failure to timely request arbitration.
While the verified complaint is not specific as to the kind of professional services rendered, the agreement signed by Michael G. Smith, and guaranteed by his father, Patrick W. Smith, Jr., indicates that Michael G. Smith retained plaintiff to represent him in "Divorce/Separation” and "Custody/ Visitation” litigation. It is undisputed that the attorney/client relationship between plaintiff and Michael G. Smith is of the type falling within the broad parameters of part 136 of the Rules of the Chief Administrator of the Courts (22 NYCRR).
Plaintiff contends that since its client failed to object to any of the invoices periodically sent to him, there has never been any dispute as to attorney’s fees so as to trigger the notice of right to arbitration provision of 22 NYCRR 136.5 (a). Plaintiff premises this assertion on the fact that its complaint pleads the common-law cause of action of account stated. As authority for its assertion, plaintiff cites Rosenman Colin Freund Lewis & Cohen v Neuman (93 AD2d 745) and Rodkinson v Haecker (248 NY 480). Rosenman (supra, at 746) states: "[e]ven if defendant had received plaintiff’s accounts and did not expressly assent, but failed to object to them within a reasonable time, he would be bound by them as accounts stated unless fraud, mistake or other equitable considerations were shown” (citations omitted).
Mere silence and failure to object to an account cannot be construed as an assent to the correctness of the account without considering the factual circumstances attending the particular transactions to determine if an account stated may *194 properly be implied (Interman Indus. Prods, v R.S.M. Electron Power, 37 NY2d 151, 154).
The Rosenman Court did not find that defendant’s retention of plaintiffs bills without objection created a sufficiently clear inference of acquiescence to warrant summary judgment as to liability or damages since plaintiff law firm’s attorney/client relationship was deteriorating during the period its bills were being rendered.
In this case no particulars are provided as to the factual circumstances attending plaintiff’s representation or its attorney/ client relationship with Michael G. Smith. Yet, plaintiff would have this court interpret the common-law principles of account stated to mean that a matrimonial client’s failure to affirmatively object to any of the invoices is the equivalent of an implied agreement as to the amounts contained therein. To do so in this court’s opinion would effectively emasculate the fee arbitration rules governing domestic relations matters.
In matrimonial actions attorneys are obligated to send invoices to their clients at least once every 60 days (22 NYCRR 1400.3). A client would have to repeatedly voice objection to each invoice when sent, or risk losing the opportunity to arbitrate the charges set forth in the invoice. It is impractical, and undesirable, to expect that to occur as it would undermine and chill the attorney/client relationship in an area of practice inherently froth with tension and stress.
The enactment of the 60-day billing and matrimonial fee arbitration rules clearly was remedial in nature. This court finds that the rules have impacted upon the common-law principle of an account stated where, as here, that principle is utilized to imply agreement on billings in a matrimonial matter so as to defeat application of 22 NYCRR 136.5.* Michael G. Smith’s mere silence and failure to object to the billings cannot be construed as an implied assent when it equally suggests lack of assent. It is the determination of this court that silence and failure to object is sufficient to trigger application of section 136.5 requiring plaintiff to serve a notice of matrimonial client’s right to arbitration and further requiring plaintiff to allege having done so as part of its complaint.
It is further determined that although defendant Patrick W. Smith, Jr. is not entitled to his own arbitration election notice, as the guarantor of Michael’s fee obligation Patrick is *195 entitled to raise as a defense plaintiff’s failure to comply with a condition precedent to the institution of suit against Michael (see, 63 NY Jur 2d, Guaranty and Suretyship, § 348).
The cross motion to dismiss for failure to comply with a condition precedent is granted. Having dismissed plaintiff’s complaint, that branch of the cross motion which seeks denial of plaintiff’s motion for summary judgment is denied as academic.

 This court need not, and does not, address the outcome should a client also fail to respond to the arbitration election notice.