■ MICHAEL L. PAIKIN et al., Respondents, v GARY TSIRELMAN, Appellant. MICHAEL J. ASTA, Nonparty Appellant. [699 NYS2d 32] —Order, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered on or about March 10, 1999, which denied defendant's motion to vacate the judgment entered against him on October 6, 1998, unanimously reversed, on the law, without costs, the judgment vacated and the complaint dismissed, without prejudice. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint. Appeal from order, same court and Justice, entered October 6, 1998, unanimously dismissed, without costs, as academic in light of the foregoing determination.

In this action for unpaid attorneys' fees in a matrimonial action, plaintiff's failure to provide his client with 30 days' writ-

ten notice of his right to arbitrate any fee dispute (22 NYCRR 136.5 [a]) and his failure to allege in his complaint that the client received such notice and did not file a timely request for arbitration (22 NYCRR 136.5 [c]) require dismissal of the complaint (*see, Julien v Machson*, 245 AD2d 122).

Plaintiff's claim that the foregoing notice requirement was never triggered because of his client's failure to object to his billings and that, therefore, he is entitled to recover on the basis of an account stated is without merit. As found by the court in *Lewis & Merritt v Smith* (170 Misc 2d 192, 194 [Thomas P. Phelan, J.]), to interpret the common-law principles of an account stated, so as to find that a matrimonial client's failure to affirmatively object to his or her attorney's billings may provide a basis for circumventing the notice and pleading requirements of 22 NYCRR 136.5, would effectively eviscerate the fee arbitration rules governing domestic relations matters. Concur—Sullivan, J. P., Nardelli, Williams, Mazzarelli and Andrias, JJ.