■ ANTHONY SCORDIO, Plaintiff, v PATRICIA SCORDIO, Appellant. KENNETH J. WEINSTEIN, Nonparty-Respondent. [705 NYS2d 58] —In an action for a divorce and ancillary relief, the defendant wife appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Flug, J.), dated March 18, 1999, as granted that branch of the motion of the nonparty Kenneth J. Weinstein which was for leave to enter a charging lien against her in the sum of $18,538 and denied her cross motion to require Kenneth J. Weinstein to repay all fees previously paid to him and to turn over her file.

Ordered that the order is modified by deleting the provision thereof granting that branch of the motion of the nonparty Kenneth J. Weinstein which was for leave to enter a charging lien in the sum of $18,538 and substituting therefor a provision granting that branch of the motion to the extent of granting Kenneth J. Weinstein leave to enter a charging lien in the sum of $7,500; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter

is remitted to the Supreme Court, Queens County, for a hearing to determine the amount of fees due Kenneth J. Weinstein over the sum of $7,500 on a quantum meruit basis.

The Supreme Court properly determined that the nonparty Kenneth J. Weinstein, the defendant's former attorney, was entitled to the $7,500 in attorney's fees which were awarded to him by a prior order of the same court, dated October 23, 1998. In addition, the court properly determined that Weinstein's discharge was without cause. As a result, a hearing was required to determine, on a quantum meruit basis, the remaining amount of fees due to Weinstein (*see, Teichner v W & J Holsteins,* 64 NY2d 977, 979; *Matter of Leopold,* 244 AD2d 411; *Oldendorf v Oldendorf,* 226 AD2d 790).

The defendant failed to proffer any evidence that Weinstein violated any of the court rules upon which she relied and, in fact, the evidence submitted in connection with the motion for a charging lien contradicts the defendant's claims (*see,* 22 NYCRR 136.5; parts 1200, 1400). Because the defendant never disputed the reasonableness of the fees charged by Weinstein, he was not required to send her a notice informing her of her right to elect arbitration of any fee dispute (*see,* 22 NYCRR 136.5, 1400.7; *Moraitis v Moraitis,* 181 Misc 2d 510; *K.E.C. v C.A.C.,* 173 Misc 2d 592, 600-601). We decline to follow the rule adopted by the Appellate Division, First Department, which obligates an attorney to send such a notice even in the absence of any fee disagreement with a client (*see, Paikin v Tsirelman,* 266 AD2d 136). Mangano, P. J., Bracken, Luciano and Smith, JJ., concur.