OPINION OF THE COURT
Debra Silber, J.
Plaintiff is an attorney, representing himself pro se in this action for breach of contract, specifically for nonpayment of legal fees which plaintiff claims he is entitled to. Plaintiff moved to disqualify defendants’ counsel. That motion was denied on September 12, 2003 as nonjusticiable (with dicta that it was meritless). The order states that the court sua sponte dismissed the complaint on the grounds that plaintiff failed to comply with part 137 of the Rules of the Chief Administrative Judge, codified at 22 NYCRR 137.0 et seq. This is known as the Fee Dispute Resolution Program. Section 137.6 (b) states that
“An attorney who institutes an action to recover a fee must allege in the complaint:
“(1) that the client received notice under this Part of the client’s right to pursue arbitration and did not file a timely request for arbitration; or
“(2) that the dispute is not otherwise covered by this Part.”
As the complaint alleges that plaintiff is suing for payment for legal services, and makes no reference to these relatively new rules, and the plaintiffs affirmation in support of the motion states that he was retained in October of 2002, plaintiff was required to comply with the rules set forth in the above-referenced part 137.
Plaintiff now moves to reargue the court’s decision. He makes the argument that, since defendants’ answer to his complaint includes as one of its affirmative defenses that they did not pay the bill due to plaintiffs malpractice, this is a matter outside part 137. He states: “Plaintiff realizes he did not follow the last sentence of 137.6 (b). If the Court vacates, withdraws or modifies its Order dismissing the complaint, then plaintiff requests permission to have the complaint be deemed amended to add the following paragraph ‘The dispute herein is not otherwise *648 covered by part 137 Rules of the Chief Administrative Judge.’ ”[1] Plaintiff then states in his reply affirmation: “if defendants will affirmatively and unconditionally agree to withdraw and waive the allegations in paragraphs 6 and 7 [misconduct, negligence and malpractice] with prejudice, and not to raise them in arbitration, then I will agree to request arbitration.”
As this is a novel issue in light of the recent enactment of the mandatory dispute resolution process, the court grants plaintiff reargument, and upon evaluation of his position, adheres to its prior decision which concluded that the complaint must be dismissed. However, the dicta with regard to the substantive issue of disqualification raised by the motion is vacated and withdrawn and superceded with the discussion that follows.
The Mandatory Fee Dispute Resolution Program
The Chief Administrative Judge of the State of New York promulgated part 137. It applies to all matters where representation commenced after January 1, 2002, unless specifically excluded by one of the categories in section 137.1 (b). These rules require all attorneys suing for fees to notify the client first that the client has the option of proceeding to the fee dispute resolution program in lieu of court. This must either be by contract in the retainer agreement, in which case the attorney can proceed to commence the proceeding at the appropriate local administrative body (in most cases, the local bar association), or, in the absence of a retainer providing for arbitration, the attorney must send notice to the client by certified mail or personal service as provided in section 137.6, entitled “Notice of Client’s Right to Arbitrate.” If the client does not request arbitration within 30 days, the attorney may then commence litigation. Section 137.6 (b) requires that an attorney who institutes an action to recover a fee must allege in the complaint compliance with the rules, as described above. As plaintiff failed to so state, the court finds that it properly dismissed the complaint, as it is an issue of subject matter jurisdiction.
Plaintiff now moves to reargue, claiming that since one of defendants’ affirmative defenses is his alleged malpractice, the *649 matter is outside the jurisdiction of the program. Section 137.1 (b) (3) states that the part shall not apply to “claims involving substantial legal questions, including professional malpractice or misconduct.”[2] If the court were to agree with plaintiffs thinking, every attorney could avoid the new rules by stating in the complaint something to the effect that there is no point notifying the client of the right to arbitrate, as the attorney knows the client will allege malpractice. That is completely in contravention of the public policy and purpose behind part 137. While it is true that malpractice is one of the exceptions to mandatory arbitration, it is not for the lawyer seeking the fees to decide that the matter is excepted. For one thing, the client might not allege malpractice in the arbitration, preferring a speedy resolution of the matter. Additionally, and most importantly, it is for the “Local Administrative Body,” not the lawyer, to make the determination that the defense of malpractice is inextricably intertwined with the plaintiffs claim for payment, and then issue a letter declining jurisdiction and giving the attorney the “right to sue,” after first evaluating the case. Disqualification
As this matter may end up back in Civil Court, the court notes that there is no basis for the motion to disqualify the defendant’s attorney. She may be barred from testifying, but that is a matter for the trial judge to decide. Disqualification motions are carefully scrutinized because they seek to deny a party’s right to representation by the attorney of his or her choice, and thereby limit a “valued right” of the party. (Credit Index v RiskWise Intl., 192 Misc 2d 755 [Sup Ct, NY County 2002].) Rachel Nash, the attorney of record, is the daughter of the individual defendant, and is a principal of the LLC defendant. As such, plaintiff can only disqualify her if he demonstrates that her interests are averse to that of the LLC or of her mother. He has not even suggested that this is the case.[3] Plaintiff has failed to establish that Ms. Nash and her mother are anything other than unified in interest. Mr. Lorin argues instead that he *650 “will require her deposition in the ordinary exercise of diligence” and “I will call Rachel Nash as a witness.” In his motion to reargue, plaintiff states “if the court decides not to disqualify Ms. Nash, plaintiff would request that the order denying plaintiffs motion provide that she may not testify for the defense.” Not only are these inconsistent statements, but plaintiff has not established his right to depose Rachel Nash or to call her as a witness in order to make out his prima facie case that he rendered the legal services alleged. The LLC is alleged by plaintiff to consist of three members, Dorothy Nash and her two daughters, Rachel Nash and Esther Nash. It has not been established that Rachel Nash is a necessary witness.
Code of Professional Responsibility DR 5-102 (22 NYCRR 1200.21) states:
“(a) A lawyer shall not act, or accept employment that contemplates the lawyer’s acting, as an advocate on issues of fact before any tribunal if the lawyer knows or it is obvious that the lawyer ought to be called as a witness on a significant issue on behalf of the client, except that the lawyer may act as an advocate and also testify: . . .
“(4) As to any matter, if disqualification as an advocate would work a substantial hardship on the client because of the distinctive value of the lawyer as counsel in the particular case.”
That is the section that is applicable herein. It appears that Rachel Nash has been involved with the underlying litigation which plaintiff was hired for from the beginning, as a principal, that plaintiff was the fourth attorney hired in connection with the matter, and that Ms. Nash should be able to proceed in the defense of the plaintiffs claims as attorney for the LLC and for her mother.
While an attorney in a law firm is allowed to represent such law firm pro se, the LLC herein is not a law firm and so that analysis is inapplicable. (See Toren v Anderson, Kill & Olick, 185 Misc 2d 23 [Sup Ct, NY County 2000].) In that case, the court found that any of the attorneys in a professional corporation of attorneys could represent the firm, stating (at 27): “Pursuant to CPLR 321 (a), the members’ status as licensed attorneys enables them to appear for AKO, whether or not the members could be held liable in this action.” In Gilberg v Lennon (212 AD2d 662 [2d Dept 1995]), the Second Department found that CPLR 321 (a) did not bar a law partnership from representing itself.
In MSKCT Trust v Paraneck Enters. (296 AD2d 769, 771 [3d Dept 2002]), the Court points out that an attorney seeking to *651 represent a corporation in which he is the sole shareholder “must be deemed to have waived the right to appear pro se” (citing Gasoline Expwy v Sun Oil Co. of Pa., 64 AD2d 647, 648 [1978], affd 47 NY2d 847 [1979]). This is more applicable, as a LLC must appear by counsel. As plaintiff has failed to establish that Rachel Nash is a necessary, that is, indispensable, witness, and because she indicated at oral argument that whether or not she could testify could be left up to the trial judge, in light of the provisions of 22 NYCRR 1200.21 (a) (4), it would be inappropriate to disqualify her. This conclusion is further buttressed by the fact that after the motion to disqualify Ms. Nash was submitted, but before the decision denying the motion was issued, the plaintiff served and filed a notice of trial, indicating that he had completed discovery and was ready to proceed regardless of the outcome of the motion. Finally, it is noted that Mr. Lorin’s argument that it would not be a hardship to disqualify Ms. Nash because the amount of the annual rent on the property in litigation is “over $200,000 per year,” information he learned of as defendant’s attorney, is inappropriate. Hardship as contemplated is not solely an issue of financial hardship. Further, it may be assumed that, since the matter at issue was a landlord and tenant matter involving commercial property in Kings County Supreme Court, and there was an issue of a Yellowstone injunction, the rent may not be current. In any event, with Ms. Nash’s acquiescence, the matter was left for the trial court. As the complaint has been dismissed, the issue may be revisited when ripe.

. Counsel goes on to state: “Plaintiff took the liberty to adjourn the case when it appeared on the trial calendar on September 24, 2003 to December 2, 2003, pending the outcome of this motion.” The court notes that this was prior to the service of the instant motion, which misrepresented to the court on September 24 that the case was active. Apparently Ms. Nash was unaware that she needed to check the trial calendar once she was served with the notice of trial, or that she should serve the decision dismissing the case on the calendar clerk in order to take the case off the calendar.

. The court notes that section 137.7 (g) states that “[s]hould the arbitrator or arbitral body become aware of evidence of professional misconduct as a result of the fee dispute resolution process, that arbitrator or body shall refer such evidence to the appropriate grievance committee of the Appellate Division for the appropriate action.”

. A lawyer may not both appear for and oppose a client on substantially related matters when the client’s interests are adverse. (Solow v Grace & Co., 83 NY2d 303, 306 [1994]; see, Greene v Greene, 47 NY2d 447, 451 [1979]; Buck Constr. Corp. v Village of Sherburne, 292 AD2d 36, 39 [2002].)