*379 OPINION OF THE COURT
Edward H. Lehner, J.
The key issue presented on this motion by defendant for summary judgment is whether the arbitration requirements for attorney-client matrimonial fee disputes set forth in part 136 of the Rules of the Chief Administrator of the Courts (the Rules; 22 NYCRR part 100 et seq.) apply when the total fee charged for services rendered in a domestic relations matter exceeds the sum of $100,000, but the amount that may be owing for such services at the time of commencement of a lawsuit to recover for such fees is less than that amount.
In its complaint the plaintiff law firm alleges that: on September 17, 1996 it entered into a retainer agreement with defendant “for the performance of legal services in connection with the dissolution of his marriage” (¶ 3); between September 16, 1996 and January 25, 1999 plaintiff performed legal services for defendant “at the agreed price and reasonable value exceeding $225,000” (¶ 5); and that as a consequence of credits given and payments made by defendant totaling $163,461.41, he now owes plaintiff the sum of $107,439.93. Plaintiff alleges causes of action for breach of contract and account stated and asserts that in fact the total amount billed defendant was $271,051.34.
In his answer defendant interposed various affirmative defenses and, for his only counterclaims, asserted claims for emotional distress based on plaintiffs alleged breach of duty in releasing a copy of the stipulation of settlement of the divorce action pursuant to a subpoena served upon it demanding the document. Said counterclaims were dismissed by the undersigned by order dated April 15, 2004.
Defendant’s motion is based on the failure of plaintiff to send defendant a notice advising him of his right to arbitrate plaintiffs claim for attorneys’ fees as required by section 136.5 of the Rules, and its consequent failure to allege in the complaint, as required by paragraph “(c)” of said section 136.5, “that the client received notice under this rule of his or her right to pursue arbitration and did not file a timely request for arbitration.”
Plaintiff maintains that the right to arbitration was not applicable here because section 136.4 (a) of the Rules provides that the “arbitration program may not hear any fee dispute in which the amount in dispute is in excess of $100,000, including disbursements,” and here plaintiff is seeking to recover $107,439.93.
*380 Regarding the services rendered it is clear that a significant portion thereof did not constitute the type of services to which the Rules apply as section 136.1 thereof provides:
“This Part shall apply where representation has commenced on or after November 30, 1993, to all attorneys who undertake to represent a client in a claim, action or proceeding, or preliminary to the filing of a claim, action or proceeding, in either Supreme Court or Family Court, or in any court of appellate jurisdiction, for divorce, separation, annulment, custody, visitation, maintenance, child support, alimony, or to enforce or modify a judgment or order in connection with any such claims, actions or proceedings.”
Here, in addition to the services relating to the matrimonial action, a portion of the aforesaid billed sum of $271,051.34 represented charges for legal services rendered to defendant involving: (i) claims against him by five other law firms for legal fees; (ii) a claim against him for the purchase of garments; (iii) charges for storage; (iv) the purchase of real estate in Connecticut; and (v) miscellaneous other nonmatrimonial related matters.
Plaintiff makes the strained argument that any services rendered to preserve the defendant’s assets “is a vital function and part of our responsibility in representing a client in a matrimonial action” (affidavit of Lawrence W. Pollack ¶ 6). At oral argument plaintiff’s counsel maintained that “any litigation that affected the asset of the client affected the matrimonial because it affected how much the other spouse might be entitled to.” (Transcript at 6.) However, these other services clearly do not come within the scope of the arbitration program set forth in part 136. To accept plaintiffs argument would mean that an attorney rendering legal services to a client in a domestic relations matter would be mandated, with respect to the client’s business and any other nondomestic relations matters, to comply with all of the provisions of part 136, as well as the procedures set forth in 22 NYCRR part 1400 pertaining to retainers, periodic billing, etc. Such is clearly not the intent of the rules governing the attorney-client relationship in matrimonial matters.
While the application of the numerous payments to the various billings is not clear, there is no claim by plaintiff that all payments were applied first to the nonmatrimonial matters. *381 Thus, it is evident that of the amount claimed, less than $100,000 was owing for services rendered in connection with defendant’s domestic relations matters at the time of the commencement of this action.
It has been held that commencing litigation to recover legal fees without giving the client the notice required by part 136 requires dismissal of the complaint (Julien v Machson, 245 AD2d 122 [1st Dept 1997]; Paikin v Tsirelman, 266 AD2d 136 [1st Dept 1999]; Herrick v Lyon, 7 AD3d 571 [2d Dept 2004]). In Paikin v Tsirelman {supra), the First Department further held that the failure of the client to object to the billings does not alleviate a law firm of the obligation to give the notice, although the Second Department reached a contrary conclusion on that issue (Scordio v Scordio, 270 AD2d 328 [2000]).
Plaintiff also maintains that because the total amount billed for matrimonial services exceeded $100,000, the arbitration program does not apply, contending that the phrase “the amount in dispute” in 22 NYCRR 136.4 (a) relates to the total amount billed for such services. In this connection plaintiff relies on section 136.2 of the Rules which refers to a dispute “whether or not the attorney already has received the fee in dispute” {see, affirmation of Todd Strassberg, dated May 18, 2004,¶ 12). The problem with such argument is that there is no showing of a “dispute” with respect to the fees previously paid by defendant. The only counterclaims he has asserted herein were the claims for emotional distress which, as noted above, were previously dismissed. Further, there is nothing to indicate that prior to the commencement of this action defendant was seeking the return of any fees he had paid.
In conclusion, the court finds that since the amount in dispute with respect to the fees covered by part 136 was less than $100,000 at the time of the filing of this action, and plaintiff failed to give the notice with respect to arbitration required therein and thus was unable to assert in its complaint the allegation of compliance as required by section 136.5 (c), the complaint as pleaded (for “legal services in connection with the dissolution of his marriage”) is dismissed.