OPINION OF THE COURT
Barbara Jaffe, J.
The New York State Fee Dispute Resolution Program was established as part 137 of the Rules of the Chief Administrator of the Courts (22 NYCRR) in order to provide for “the informal and expeditious resolution of fee disputes between attorneys and clients through arbitration and mediation” (22 NYCRR 137.0). The part provides that absent an agreement at the outset of the attorney-client relationship, when an attorney and her client cannot agree on the attorney’s fee, the attorney is required to forward to the client a written “Notice of Client’s Right to Arbitrate.” (22 NYCRR 137.6 [a] [1].) The part does not apply, inter alia, to disputes “where no attorney’s services have been rendered for more than two years.” (22 NYCRR 137.1 [b] [6].) Thus, an attorney must notify her client of the rights conferred by the part unless more than two years have elapsed following the cessation of services.
The part also requires that an attorney who brings an action to recover a fee must allege in her complaint that the client received notice of her right to pursue arbitration and mediation and did not file a timely request for either, or that the dispute is not otherwise covered by the part. (22 NYCRR 137.6 [b].) The attorney’s failure to notify the client requires dismissal of the action, even a cause of action for an account stated. (Paikin v Tsirelman, 266 AD2d 136, 136-137 [1st Dept 1999]; Wexler & Burkhart, LLP v Grant, 12 Misc 3d 1162[A], 2006 NY Slip Op 51005[U] [Sup Ct, Nassau County 2006]; Lorin v 501 Second St., 2 Misc 3d 646, 648 [Civ Ct, Kings County 2003].)
Presumably, nothing precludes an attorney from avoiding application of the part by letting two years pass after the cessation of services before bringing an action to recover fees. The question presented here concerns the propriety of applying the part’s two-year exemption where, although no services have been rendered for more than two years, the attorney litigated the fee dispute in court during the two years.
A bench trial was held before me on August 23, 2006. Admitted in evidence were plaintiff’s invoices for the services it rendered to defendant (plaintiffs exhibit 6), the e-mail correspondence between the parties and others (plaintiffs exhibits 7-18; defendant’s exhibits A, B, E, F), and pleadings relating to the services rendered (plaintiffs exhibits 1-5).
*825 I. Procedural Facts
On August 20, 2004, plaintiff commenced the instant action against defendant in Supreme Court, New York County. By verified complaint, plaintiff sought from defendant $30,722.67 representing the balance due for legal services rendered from June 2003 through June 2004, alleging causes of action for breach of contract, an account stated, and quantum meruit. The complaint alleges neither compliance with the part nor an exemption from complying with it.
On April 8, 2005, plaintiff obtained a default judgment against defendant which she successfully moved to vacate by order dated February 7, 2006. The action was thereafter transferred to the Civil Court pursuant to CPLR 325 (d).
In an answer filed on March 27, 2006, defendant alleged that plaintiff had failed to comply with the part by not furnishing her with written notice of her right to elect to resolve the fee dispute by arbitration or a “Request for Fee Arbitration” form. Attached to the answer are copies of several e-mails, plaintiffs invoices dated August 31, 2003, November 30, 2003, December 31, 2003, and March 31, 2004, and plaintiffs statement of account dated December 31, 2004.
By leave of court granted on August 2, 2006, plaintiff amended the complaint to allege that part 137 was inapplicable as it had not rendered legal services to defendant for more than two years. (Amended verified complaint ¶ 27.) In her amended verified answer filed on August 21, 2006, defendant observed that as plaintiff had commenced the instant action on August 20, 2004, the exemption relied upon by plaintiff was inapplicable. She included in her answer requests for “compensation,” for a refund of her overpayment, and for a return of her personal papers.
II. Analysis
As there appears to be no officially stated rationale for the two-year exemption set forth in 22 NYCRR 137.1 (b) (6), it is reasonably inferred that it reflects an administrative preference for arbitrating and mediating fee disputes that have not become stale. Arbitrators and mediators should not have to struggle with factual issues as to which memories have become blurred and evidence has been lost. The passage of a substantial period of time may also serve to separate fee disputes that ripen over time into actions requiring litigation in court with all of its attendant rights, from those where one or both parties retain the *826 hope of reestablishing the attorney-client relationship notwithstanding the fee dispute. In the latter case, discovery, motion practice, and trial are discouraged in favor of the informal and expeditious procedure afforded by the part.
Given these worthy goals, those responsible for establishing the part could not have intended that the mere passage of time warrants litigation in court, and thus, it ought not cure this plaintiff’s initial failure to notify defendant of her right to arbitrate or mediate fee disputes. Rather, having actively litigated for its fees and obtained a default judgment against defendant well within the two-year period, plaintiff ought not be permitted to seek refuge from a dismissal despite the two years that passed before it amended its complaint solely to allege an exemption that was inapplicable when it first brought the action. To permit plaintiff the benefit of the exemption in these circumstances would give insufficient consideration to the part’s intent that clients be given notice of the availability of arbitration and mediation, something that was concededly not done here.
I thus find that plaintiffs amended complaint must be deemed to relate back to the original complaint for purposes of determining the application of the part. (See Joel R. Brandes and Carole L. Weidman, More Changes to Calendar Control and Arbitration Rules, NYLJ, Sept. 27, 1994, at 3, col 1 [observing that identical provision set forth in 22 NYCRR former 136.4 (b) constituted “some sort of statute of limitations for mandatory arbitration”]; CPLR 203 [f] [claim asserted in amended pleading deemed to have been interposed at time claims in original pleading interposed].) Consequently, having failed in its original complaint to satisfy the condition precedent of alleging compliance with the part or claiming an exemption from it, plaintiff is precluded from relying on the exemption at trial. In light of plaintiff’s failure to comply with the part, the action is dismissed.
As defendant did not properly interpose a counterclaim to plaintiffs action, the requests for relief set forth in her amended answer are not considered.
III. Conclusion
Accordingly, the complaint is dismissed.
[Portions of opinion omitted for purposes of publication.]