■ BETH G. SILVER, Appellant, v RICHARD I. SILVER, Appellant. ABRAMS, FENSTERMAN, FENSTERMAN, FLOWERS, GREENBERG & EISMAN LLP, Nonparty Respondent. [846 NYS2d 275]—In a matrimonial action in which the parties were divorced by judgment entered July 3, 2006, the plaintiff and the defendant appeal from a judgment of the Supreme Court, Nassau County (Ross, J.), dated May 26, 2006, which, upon an order of the same court, entered April 14, 2006, granting that branch of the motion of the nonparty Abrams, Fensterman, Fensterman, Flowers, Greenberg & Eisman LLP, former counsel for the defendant, which was to fix attorney's fees in the amount of $23,743.72 and denying the defendant's motion to dismiss the claim for attorney's fees of the nonparty Abrams, Fensterman, Fensterman, Flowers, Greenberg & Eisman LLP, is in favor of the nonparty Abrams, Fensterman, Fensterman, Flowers, Greenberg & Eisman LLP and against the defendant in the principal sum of $23,743.72.

Ordered that the appeal by the plaintiff is dismissed, as she is not aggrieved by the judgment appealed from (*see* CPLR 5511); and it is further,

Ordered that the judgment dated May 26, 2006 is reversed, on the law, the order entered April 14, 2006 is vacated, and the matter is remitted to the Supreme Court, Nassau County, for the completion of the hearing to fix the amount of attorney's fees and a determination in accordance herewith; and it is further,

Ordered that one bill of costs is awarded to the appellants.

The defendant is entitled to a complete hearing to determine, on a quantum meruit basis, the amount of fees due to his former counsel, the nonparty Abrams, Fensterman, Fensterman, Flowers, Greenberg & Eisman LLP (*see Teichner v W & J Holsteins*, 64 NY2d 977, 979 [1985]; *Scordio v Scordio*, 270 AD2d 328, 329 [2000]). The Supreme Court erred in awarding the defendant's former counsel a money judgment without completing the hearing and affording the defendant an opportunity to conduct cross-examination and present evidence. Accordingly, we remit the matter to the Supreme Court, Nassau County, for the completion of the hearing on attorney's fees and the entry of an appropriate judgment.

The defendant's remaining contention is without merit. Schmidt, J.P., Rivera, Santucci and Balkin, JJ., concur.