[893 NYS2d 434]

STANLEY MESSENGER, ESQ., Plaintiff, v ANNA MARIE DEEM, Defendant.

Supreme Court, Westchester County, December 7, 2009

**APPEARANCES OF COUNSEL**

*Michael A. Deem*, Mount Vernon, for defendant. *Peter Ackerman*, White Plains, for plaintiff.

OPINION OF THE COURT

WILLIAM J. GIACOMO, J.

Procedural Background

Plaintiff commenced this action to recover sums for legal services rendered to defendant during her divorce proceedings.

In his complaint, plaintiff alleged that "[p]ursuant to Second Department case law, notice of right to arbitrate legal fees need not be provided to a client who never disputes the reasonableness of an attorney's legal fees . . . Defendant never disputed the reasonableness of Plaintiff's fees." (Complaint ¶¶ 6-7.)

In her answer,[1] defendant denied the allegations of the complaint and pleaded 13 affirmative defenses, including that plaintiff was not entitled to an attorney's fee because of his: failure to provide defendant with notice of arbitration before commencement of the suit (second affirmative defense); excessive fees (fourth affirmative defense); charges for services after he was terminated (fifth affirmative defense); charges for reviewing billing practices (sixth affirmative defense); charges to review billing records (seventh affirmative defense); double billings (eighth affirmative defense); and exorbitant time billings on routine matters (ninth affirmative defense).

At the pretrial conference this court inquired as to whether or not there was compliance with the court rule relating to fee dispute arbitration. Plaintiff's counsel advised at that time that the rule was inapplicable and defendant's counsel did not raise any objection to that contention.

Thereafter, as the end of trial testimony was approaching, and despite the court's stated concern prior to trial, defendant's counsel raised the issue of noncompliance with the requirements of the Fee Dispute Resolution Program pleaded in the answer and moved to dismiss this case accordingly, citing *Herrick v Lyon* (7 AD3d 571 [2d Dept 2004]). In opposition, plaintiff conceded that no such notice was sent, but continued to allege that the mandates of the Fee Dispute Resolution Program are inapplicable because there is no "fee dispute," citing *Scordio v Scordio* (270 AD2d 328 [2d Dept 2000]).

The court reserved decision on the application and directed the parties to proceed to verdict. Following a jury verdict in plaintiff's favor, the defendant moved to set aside the verdict

---

1. Which was interposed in a pro se capacity. At trial, defendant was represented by counsel.

pursuant to CPLR 4404. Now, after giving the parties the opportunity to fully brief the matter, the court rules as set forth below.

## Discussion

Part 137 of the Rules of the Chief Administrator of the Courts provides for a Fee Dispute Resolution Program. A mandatory arbitration procedure is set forth therein for all representations that commenced on or after January 1, 2002, and is applicable "to all attorneys admitted to the bar of the State of New York who undertake to represent a client in any civil matter." (22 NYCRR 137.1 [a].)

Plaintiff argues that the mandatory arbitration provisions of part 137 are inapplicable to the instant matter because, like in the *Scordio* matter, there was no disagreement as to the amount of attorney's fee due to plaintiff and defendant simply did not pay what was due. In *Scordio*, the Appellate Division, Second Department, held that the mandatory arbitration notice provided for by then section 136.5 did not apply where the client did not dispute the reasonableness of the fees charged, and specifically declined "to follow the rule adopted by the Appellate Division, First Department, which obligates an attorney to send such a notice even in the absence of any fee disagreement with a client." (*Scordio v Scordio*, 270 AD2d at 329.)

22 NYCRR 136.5, upon which *Scordio* was premised, was repealed in January 2002 and replaced with section 137.6. Former part 136, which was applicable only to domestic matters, has been subsumed by the newer part 137 which, with limited exceptions that are not alleged here, is applicable to all civil matters. Section 137.6 is applied in the same manner as former section 136.5. (*See Abinanti v Pascale*, 41 AD3d 395 [2d Dept 2007]; *Borah, Goldstein, Altschuler, Schwartz & Nahins, P.C. v Lubnitzki*, 13 Misc 3d 823 [Civ Ct, NY County 2006].)

Whether or not the *Scordio* holding is still valid under the new part 137 of the Rules of the Chief Administrator of the Courts seems to be a source of debate.

Plaintiff argues that like its predecessor part, the mandatory arbitration provisions under the current part 137 of the Rules of the Chief Administrator of the Courts do not require the mailing of the notice under part 137 when there is no disagreement as to the reasonableness of the fees charged. Plaintiff claims that like its predecessor, an attorney is only obligated to forward a written notice to the client, entitled Notice of Client's

Right to Arbitrate, *"where the attorney and client cannot agree as to the attorney's fee."* (22 NYCRR 137.6 [a] [1] [emphasis supplied].)

This position is supported by some case law. (*See Helene Greenberg Law Offs. v DiSanto*, 5 Misc 3d 130[A], 2004 NY Slip Op 51316[U], *2 [App Term, 2d Dept 2004] ["It is noted that should the trial court determine that defendant did not actually dispute the reasonableness of the fees, notice of the right to arbitrate is not required"], citing *Scordio v Scordio*; *Rotker v Rotker*, 195 Misc 2d 768 [Sup Ct, Westchester County 2003] [even under part 137 the court held it must follow the precedent of *Scordio*].)

However, other courts disagree. In *Wexler & Burkhart, LLP v Grant* (12 Misc 3d 1162[A], 2006 NY Slip Op 51005[U] [Sup Ct, Nassau County 2006]), Justice Daniel R. Palmieri of the Supreme Court, Nassau County, found the very interpretation propounded by the plaintiff here "untenable," specifically disagreeing with the holdings in the *Helene Greenberg Law Offs.* and *Rotker* cases. As persuasively set forth by Justice Palmieri, plaintiff's interpretation, and the continued application of the *Scordio* holding, "would effectively eviscerate Part 137 of the Rules, a comprehensive scheme 'for the informal and expeditious resolution of fee disputes between attorneys and clients through arbitration and mediation' (22 NYCRR § 137.0)." (2006 NY Slip Op 51005[U], *1.) Starting his analysis with section 137.1, entitled "Application," the court noted that part 137 applied to all matters, *except for* eight specific instances/conditions,[2] none of which excludes "compliance where a client does not object to the bill, but simply does not pay it," thus "[u]nder the

---

2. 22 NYCRR 137.1 specifically states that the part 137 arbitration procedures do not apply in eight delineated instances:

"(1) representation in criminal matters;

"(2) amounts in dispute involving a sum of less than $1,000 or more than $50,000, except that an arbitral body may hear disputes involving other amounts if the parties have consented;

"(3) claims involving substantial legal questions, including professional malpractice or misconduct;

"(4) claims against an attorney for damages or affirmative relief other than adjustment of the fee;

"(5) disputes where the fee to be paid by the client has been determined pursuant to statute or rule and allowed as of right by a court; or where the fee has been determined pursuant to a court order;

"(6) disputes where no attorney's services have been rendered for more than two years;

well-established statutory construction doctrine of *expressio unius est exclusio alterius,* where exceptions are created as to certain matters, inclusion of such exceptions should be considered to deny the existence of others not mentioned." (2006 NY Slip Op 51005[U], *2 [citations omitted].) Further, the court in *Wexler,* in making its case to not follow *Scordio,* reasoned that while *Scordio* was determined under the older part 136, the newer part 137 "was clearly intended to cast a much wider net." (*Id.*)

This court has undertaken a thorough review of the provisions of the older part 136 of the Rules of the Chief Administrator and compared them with the provisions of the newer part 137. This analysis supports the position taken by Justice Palmieri in *Wexler.* Indeed, the older part 136 lacks any language that could be construed similar to section 137.1, which makes compliance with the section applicable to all matters expect one of the eight delineated exclusions, none of which are applicable here.

While this court may question whether the holding of *Scordio* is still applicable under the new part 137, it need not base its decision on such conjecture.

Despite plaintiff's argument to the contrary, this court finds that a review of the pleadings and the totality of the testimony adduced at trial discloses that there was a colorable claim of a dispute as to the "reasonableness of the fees" charged by the plaintiff to the defendant.

In support of his argument that the defendant never disputed his fees, plaintiff relies on testimony elicited at trial and at an examination before trial, read into the trial record, wherein defendant testified, in sum and substance, that she never complained to plaintiff regarding any problems she had with his billing statements on a "line by line" basis. Defendant also testified at trial, in response to the question whether or not she took up "any questions" with plaintiff about his bills, that they did not verbally go over the bills "item by item, but we did discuss the bills often." (Defendant's trial testimony upon cross-

---

"(7) disputes where the attorney is admitted to practice in another jurisdiction and maintains no office in the State of New York, or where no material portion of the services was rendered in New York; and

"(8) disputes where the request for arbitration is made by a person who is not the client of the attorney or the legal representative of the client." (22 NYCRR 137.1 [b].)

examination at 432, lines 16-17.) Plaintiff takes the position that to establish that she was disputing his fees, defendant had to complain "line by line" to the individual items in each bill presented to her to establish that defendant objected to the billings. This position is rejected. It is clear to the court from the pleadings and the totality of the testimony that the defendant took issue with plaintiff's billings.

If this court was to accept plaintiff's argument as to when he should be charged with the obligation to offer arbitration, and take the argument to its logical conclusion, an attorney would be permitted to disregard the obligation except in certain limited situations.

A "fee dispute" (22 NYCRR 137.2), or a disagreement as "to the attorney's fee" (22 NYCRR 137.6 [a]), is not only found when the former client complains as to time billings on a line by line basis. Under part 137, arbitrators are entrusted to "determine the reasonableness of fees for professional services." (22 NYCRR 137.0.) Here, the defendant "disputed the reasonableness of the fees" plaintiff was charging. (*See Scordio v Scordio*, 270 AD2d at 329.) The "reasonableness" of the fee cannot be limited to disputes as to whether an attorney should have charged "1.0 hours of billing time" instead of "1.2 hours of billing time." If such were the case a simple audit of the bill would be all that was necessary. Instead, arbitrators are given authority to evaluate and make a subjective finding of reasonableness. For something to be reasonable it must be fair and proper under the circumstances. To hold otherwise would render the section impotent and unenforceable.

Notably, once plaintiff received defendant's answer denying his allegations of fees due and asserting that plaintiff charged excessive fees (fourth affirmative defense), charged for services after he was terminated (fifth affirmative defense), charged for reviewing his own billing practices (sixth affirmative defense), charged to review billing records (seventh affirmative defense), double-billed (eighth affirmative defense) and charged exorbitant time billings on routine matters (ninth affirmative defense), he should have been alerted that defendant disputed his fees and that compliance with the mandatory fee arbitration rules was required. Plaintiff should have erred on the side of caution and submitted the controversy to arbitration before continuing with litigation.

In this case, plaintiff's failure to notify the defendant of her right to seek arbitration in accordance with section 137.6, and

to plead such compliance, divests this court of subject matter jurisdiction and leaves it with no other recourse but to dismiss this case. (*See Kerner & Kerner v Dunham*, 46 AD3d 372 [1st Dept 2007]; *Lorin v 501 Second St.*, 2 Misc 3d 646 [Civ Ct, Kings County 2003]; *Peter Axelrod & Assoc., P.C. v Berk*, 19 Misc 3d 1134[A], 2008 NY Slip Op 50999[U], *2 [Civ Ct, NY County 2008].)

Accordingly, defendant's motion to vacate the jury's verdict is granted. However, such motion is granted without prejudice to plaintiff's refiling of an action after compliance with the pleading and notice requirements of part 137 of the Rules of the Chief Administrator of the Courts.