Filemyr v Hall (2020 NY Slip Op 04238)





Filemyr v Hall


2020 NY Slip Op 04238


Decided on July 23, 2020


Appellate Division, First Department


Webber, J.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 23, 2020
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Rolando T. Acosta, Presiding Justice, Rosalyn H. Richter, Angela M. Mazzarelli, Troy K. Webber, Lizbeth González, Justices.


654563/18 11658 

[*1]Edward Joseph Filemyr IV, Plaintiff-Appellant,
v
Melissa Hall, et al., Defendants-Respondents Zakia Richardson, Defendant.



Plaintiff appeals from an order of the Supreme Court, New York
County (Andrew Borrok, J.), entered on or about May 28, 2019, which, inter alia, denied plaintiff's motion to strike affirmative defenses and granted defendants' cross motion to dismiss the complaint.




Edward Joseph Filemyr IV, appellant pro se.
Diana Jarvis, New York, for respondents.



WEBBER, J.


In this appeal we are called upon to determine whether Supreme Court correctly found that plaintiff's failure to serve, pursuant to Part 137 of the Rules of the Chief Administrative Judge, a notice of right to arbitrate within two years of rendering legal services barred his contract action for unpaid fees.
Factual Background:
In June 2010, defendants retained plaintiff to provide legal services for the benefit of 1885-93 7 Avenue HDFC, a cooperative corporation of which all defendants were shareholders. The agreed upon scope of services were representation concerning issues of proper governance of the cooperative corporation, improper acts by members of the board of directors, and invalid acts or resolutions of said board of directors. It was contemplated that the services provided would [*2]include litigation. The retainer agreement also included a provision that defendants may have the right to arbitration of a dispute concerning attorney's fees.
It is undisputed that plaintiff continued the representation until 2015. At that time, defendants ceased paying plaintiff. It is undisputed that the last day on which plaintiff rendered legal services was June 2, 2015.
On June 25, 2018, plaintiff sent to defendants, by certified mail, a notice of right to arbitrate. Defendants received the notice and defendant Hall (to whom the notice was addressed), sought to arbitrate her claims with the Joint Committee on Fee Disputes and Conciliation, pursuant to Part 137 of the Rules of the Chief Administrative Judge (the Committee).
The Committee subsequently denied arbitration of the claim. By letter dated August 30, 2018, the Committee noted that the last day plaintiff rendered legal services was more than two years earlier. As such, under its own rules, it denied the request to arbitrate.
In September 2018, plaintiff brought this action for breach of contract to collect the unpaid legal fees. In his complaint, plaintiff alleged that he had sent the required notice of right to arbitrate to all defendants, that Hall had requested arbitration, and that the Committee had denied the request to arbitrate based on the fact that no legal services had been rendered in the prior two years.
Defendants answered and asserted certain affirmative defenses including waiver, laches and unclean hands.
Plaintiff moved to dismiss the affirmative defenses. Defendants opposed and cross-moved to amend their answer, to dismiss the complaint and to compel arbitration. Plaintiff argued that the affirmative defenses for waiver, laches, and unclean hands were insufficiently pleaded, both because they were bare conclusions, and because defendants failed to allege any change in position in reliance on plaintiff's actions.
Defendants argued that dismissal was proper because plaintiff's untimely service of the notice of right to arbitrate deprived them of their right to arbitrate the fee dispute before the Committee. They argued, inter alia, that to allow a plenary suit to go forward, would thwart a client's right to arbitrate fee disputes.
Supreme Court denied plaintiff's motion to dismiss the affirmative defenses. It found that the loss of the right to arbitrate provided sufficient harm to plead the affirmative defenses of laches, waiver and unclean hands.
The court also granted defendants' cross motion to dismiss, holding that the failure to provide timely notice of the right to arbitrate was a bar to a subsequent plenary action for legal fees. The court agreed that to hold otherwise would gut the client's right to arbitrate. Discussion:
This action presents a question of first impression for this Court. Indeed, there appears to be very few cases which have addressed the issue presented.
We find that Supreme Court properly dismissed the action. Supreme Court correctly concluded that, by waiting to provide notice of right to arbitrate more than two years after legal services had been rendered, plaintiff deprived defendants of the right to arbitrate, and thus violated 22 NYCRR 137 (see e.g. Pascazi Law Offs., PLLC v Pioneer Natural Pools, Inc., 136 AD3d 878, 879 [2d Dept 2016], lv dismissed and denied 27 NY3d 1047 [2016]); Julien v Machson, 245 AD2d 122 [1st Dept 1997].
22 NYCRR 137 gives clients the right to demand arbitration of any fee dispute in an amount between $1,000 and $50,000 (22 NYCRR 137.1[b][2]). The failure of an attorney to participate in fee arbitration is a violation of the ethical rules (Rules of Professional Conduct 22 NYCRR 1200.00) rule 1.4; (see 22 NYCRR 137.11). 137.1 sets out the limitations on the disputes that will be heard by the Committee. This includes matters outside the dollar range, claims inextricably intertwined with malpractice claims, and as relevant here, claims where no legal services have been performed in the prior two years (22 NYCRR 137.1[b][6]).
In Borah, Goldstein, Altschuler, Schwartz, & Nahins, P.C. v Lubnitzki (13 Misc 3d 823, [*3]826 [Civ Ct, NY County 2006]), plaintiff commenced an action for fees more than two years after legal services had been rendered. Plaintiff ultimately obtained a default judgment for the fees. Defendant successfully moved to vacate the default and, in her answer, pleaded an affirmative defense that plaintiff had not complied with Part 137. The court granted plaintiff leave to amend its complaint. In its amended complaint, plaintiff then alleged that Part 137 was inapplicable because it was more than two years since legal services had been rendered.
In rendering its decision, the court reasoned that 22 NYCRR 137 reflects an administrative preference for arbitrators and mediators to decide disputes which have not become stale. "[T]hose responsible for establishing the Part could not have intended that the mere passage of time warrants litigation in court, and thus, it ought not cure [a] plaintiff's initial failure to notify defendant of [their] right to arbitrate or mediate fee disputes" (id. at 826). The court sua sponte dismissed the action stating that:
"plaintiff ought not be permitted to seek refuge from a dismissal despite the two years that passed before it amended its complaint solely to allege an exemption that was inapplicable when it first brought the action. To permit plaintiff the benefit of the exemption in these circumstances would give insufficient consideration to the [Part 137's] intent that clients be given notice of the availability of arbitration and mediation, something that was concededly not done here" (id at 826).
Fee arbitration is mandatory if requested by a client or a former client. It is a right of the client. Where, as in this case, an attorney, through their own delay deprives the client of that right, the attorney cannot in good faith claim compliance with the procedures of Part 137. Not only would this effectively give counsel the option of whether to arbitrate, because counsel could control whether the dispute began in two years or less, it would also be directly contrary to the rules, which provide that it is the client's choice.
Plaintiff also argues that missing the two-year deadline did not necessarily bar arbitration, because the Committee determines whether a dispute is within the ambit of Part 137. Again, this argument ignores the right of the client to decide whether or not to arbitrate as it would leave it to the discretion of attorneys whether to provide the notice of right to arbitrate (see Lorin v 501 Second St., 2 Misc 3d 646, 649 [Civ Ct, Kings County 2003]). In Lorin, plaintiff brought suit without complying with Part 137. Defendants asserted a counterclaim for malpractice, as well as for failure to comply with Part 137. Plaintiff argued that his failure to comply was harmless, because malpractice claims were excluded from arbitration, and defendants had asserted plaintiff's malpractice as an affirmative defense. The court reasoned that it was the client's choice to either have a streamlined process for the fee dispute and forgo the malpractice claim or choose to assert malpractice and litigate. As the court noted, "it is for the Local Administrative Body,' not the lawyer, to make the determination that the defense of malpractice is inextricably intertwined with the plaintiff's claim for payment, and then issue a letter declining jurisdiction and giving the attorney the right to sue,' after first evaluating the case" (id. at 649).
Supreme Court properly declined to dismiss the affirmative defenses of laches, waiver and unclean hands. Plaintiff's violation of Part 137 constituted unethical conduct sufficient to constitute unclean hands (see National Distillers & Chem. Corp. v Seyopp Corp., 17 NY2d 12, 15 [1966]). The loss of the right to arbitrate that resulted from plaintiff's delay sufficiently supported the defense of laches (see Matter of Linker, 23 AD3d 186, 189 [1st Dept 2005]). Finally, by the aforementioned conduct, we find that plaintiff waived his right to initiate an action in court (Jefpaul Garage Corp. v Presbyterian Hosp. in City of N.Y., 61 NY2d 442, 446 [1984]).
Accordingly, the order of Supreme Court, New York County (Andrew Borrok, J.), entered on or about May 28, 2019, which, inter alia, denied plaintiff's motion to strike affirmative defenses and granted defendants' cross motion to dismiss the complaint should be affirmed, without costs.
All concur.
Order, Supreme Court, New York County (Andrew Borrok, J.), entered on or about May 28, 2019, affirmed, without costs.
Opinion by Webber, J. All concur.
Acosta, P.J., Richter, Mazzarelli, Webber, González, JJ.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 23, 2020
CLERK