Cosgrove v Zinno (2024 NY Slip Op 03619)

Cosgrove

2024 NY Slip Op 03619

Decided on July 3, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, OGDEN, DELCONTE, AND HANNAH, JJ.

326 CA 22-01932

[*1]EDWARD C. COSGROVE, ESQ., PLAINTIFF-APPELLANT,
v
MATTHEW J. ZINNO AND DEANNA L. ZINNO, DEFENDANTS-RESPONDENTS.

COSGROVE LAW FIRM, BUFFALO (EDWARD C. COSGROVE OF COUNSEL), FOR PLAINTIFF-APPELLANT.
ROACH, LENNON & BROWN, PLLC, BUFFALO (DAVID L. ROACH OF COUNSEL), FOR DEFENDANTS-RESPONDENTS.

Appeal from an order of the Supreme Court, Erie County (Lynn W. Keane, J.), entered November 7, 2022. The order granted the motion of defendants to dismiss the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff appeals from an order granting defendants' motion to dismiss his complaint for failure to comply with the notice requirement of the New York State Fee Dispute Resolution Program (FDRP) (see Rules of Chief Admr of Cts [22 NYCRR] part 137). The underlying fee dispute between the parties arises from legal services performed by plaintiff and his firm to defendants between July 2014 and June 2015 in a residential real property contract dispute. Although plaintiff did not provide defendants with a written letter of engagement, defendants delivered to plaintiff a $1,500 advance payment. When the contract dispute settled in June 2015, plaintiff returned the advance payment to defendants along with the settlement proceeds. Four and a half years later, plaintiff's firm sent defendants an invoice for legal services relating to the property contract dispute, but did not provide written notice of defendants' right to arbitration of fee disputes under the FDRP. In 2021, plaintiff commenced this action to recover the invoiced fees, alleging in his complaint that the FDRP did not apply because his firm had not rendered legal services to defendants "for more than two years prior to the date of th[e] complaint." When defendants sought to have the dispute resolved by arbitration, the Bar Association of Erie County rejected their petition and advised that FDRP rules "do not allow for arbitration where no attorney's services have been rendered for more than two years." Defendants then moved to dismiss the complaint based upon plaintiff's failure to provide timely notice of their right to arbitration of fee disputes pursuant to the FDRP. Supreme Court granted defendants' motion, and plaintiff now appeals. We affirm.
The FDRP was established in 2001 to "provide[ ] for the informal and expeditious resolution of fee disputes between attorneys and clients through arbitration and mediation" (22 NYCRR 137.0), and applies, with certain enumerated exclusions, to fee disputes in civil matters that range from $1,000 to $50,000 (22 NYCRR 137.1 [b]). It requires, inter alia, that an attorney who seeks to commence an action against a client for attorney's fees provide written notice to the client of the client's right to arbitration of fee disputes under the program (see 22 NYCRR 137.6 [a] [1]), and further provides that the complaint in such an action must allege either (1) that the client received notice of the right to pursue arbitration and did not file a timely request for arbitration or (2) that the FDRP does not apply to the subject fee dispute (see 22 NYCRR 137.6 [b]; Pascazi Law Offs., PLLC v Pioneer Natural Pools, Inc., 136 AD3d 878, 878-879 [2d Dept 2016], lv denied in part & dismissed in part 27 NY3d 1047 [2016]).
As noted, plaintiff alleges in his complaint that the FDRP does not apply to the subject [*2]fee dispute because he filed the complaint more than two years after he last performed legal services for defendants. Plaintiff relies on 22 NYCRR 137.1 (b) (6), which provides that the FDRP excludes "disputes where no attorney's services have been rendered for more than two years." Plaintiff is correct that the FDRP generally excludes fee disputes in which more than two years have passed since legal services were last rendered to the client (see Borah, Goldstein, Altschuler, Schwartz, & Nahins, P.C. v Lubnitzki, 13 Misc 3d 823, 825-826 [Civ Ct, NY County 2006]). However, that exclusion does not imply that an attorney who failed to provide notice to the client of the right to arbitrate within the two-year period may commence an action for attorney's fees, after two years have elapsed, and "in good faith claim compliance with [the FDRP]" (Filemyr v Hall, 186 AD3d 117, 121 [1st Dept 2020]). That is because the right to arbitration belongs to the client and the attorney cannot "through their own delay deprive[ ] the client of that right" (id. at 121). Thus, for all fee disputes not otherwise excluded under the FDRP (see 22 NYCRR 137.1 [b] [1] - [5], [7], [8]), an attorney must provide the client with both the invoice for disputed legal services and written notice of the client's right to arbitration, and must do so at least 30 days before the two-year anniversary of the last date legal services were rendered (see 22 NYCRR 137.1 [b] [6]; 22 NYCRR 137.6 [b]). Where, as here, the attorney's complaint fails to allege that the attorney timely provided the client with notice of both the fee being sought and the right to arbitrate a dispute over that fee, it must be dismissed (see Filemyr, 186 AD3d at 119-121).
We have considered plaintiff's remaining contentions and conclude that they are without merit.
Entered: July 3, 2024
Ann Dillon Flynn
Clerk of the Court