■ In the Matter of GRACE PP., a Person Alleged to be Incapacitated. JAMES SAUTTER, Respondent; GRACE QQ., as Power of Attorney for GRACE PP., Appellant. [666 NYS2d 793] —Mikoll, J. P. Appeal from an order of the County Court of Saratoga County (Scarano, Jr., J.), entered June 25, 1996, which, in a proceeding pursuant to Mental Hygiene Law article 81, directed that respondent pay counsel fees to assigned counsel for Grace PP. and counsel for petitioner.

At issue in this appeal is the propriety of County Court's order directing respondent, as attorney-in-fact for Grace PP., an alleged incapacitated person (hereinafter the AIP), to pay legal fees to counsel for the AIP and to counsel for petitioner.

Petitioner is a licensed social worker at Saratoga Hospital in Saratoga County, in whose acute care facility the AIP was treated for pneumonia until her condition improved to the point where transfer to a nursing home was appropriate. Suffering from dementia, the AIP was incapable of decision making regarding her care and treatment, and family members would not cooperate with the proposed nursing home placement. Petitioner thereupon initiated a Mental Hygiene Law article 81 proceeding seeking the appointment of a guardian for the purpose of effecting the transfer of the AIP to a nursing home. County Court assigned counsel for the AIP, appointed a court evaluator and conducted hearings, following which a temporary guardian was appointed, with specific limited powers of placement of the AIP in a nursing home. County Court also ordered respondent, as attorney-in-fact for the AIP, to pay counsel fees for petitioner's attorney and the AIP's appointed counsel,* and directed that such claim take precedence over any other claim

* The total fees awarded to counsel for the AIP amounted to $2,030; $2,500 was awarded to counsel for petitioner on its claim for $7,310.60.

or charge against the AIP's income, assets or benefits. Respondent contends that County Court's award of counsel fees was improper, alleging that the AIP was indigent in that she received Medicaid benefits.

Two provisions of the Mental Hygiene Law govern the award of counsel fees herein. Mental Hygiene Law § 81.10 (f) requires that a court determine the reasonable compensation for an attorney appointed to represent an AIP, and provides that "[t]he person alleged to be incapacitated shall be liable for such compensation unless the court is satisfied that the person is indigent". Mental Hygiene Law § 81.16 (f) provides that "[w]hen a petition is granted, or where the court otherwise deems it appropriate, the court may award reasonable compensation for the attorney for the petitioner". Thus, an AIP is responsible for his or her own counsel fees unless the court is satisfied of the AIP's indigence, and is also responsible for a petitioner's counsel fees in the discretion of the court when a petition is granted. The record before us contains no evidence of the AIP's indigence. It does disclose, however, that prior to its order concerning counsel fees, County Court was aware that the AIP was a Medicaid recipient and was otherwise familiar with her financial circumstances, including certain property transfers from respondent, as attorney-in-fact for the AIP, to respondent personally.

Finding no error or abuse of discretion in County Court's award of counsel fees, the order is affirmed.

Yesawich Jr., Peters, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.

