■ STEVEN L. HERRICK, Respondent, v CHRISTINA LYON, Appellant. [777 NYS2d 141]—

In an action to recover legal fees, the defendant appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Segal, J.), dated March 18, 2003, as denied that branch of her motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (1) on the ground that she did not receive notice of her right to elect to resolve a fee dispute by arbitration.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (1) on the ground that the appellant did not receive notice of her right to elect to resolve a fee dispute by arbitration is granted, and the complaint is dismissed, with leave to replead upon compliance with 22 NYCRR 136.5 (a).

The defendant and her former husband were divorced by judgment of the Supreme Court, Nassau County, dated October 22, 1987. In 1999 the parties entered into a retainer agreement whereby the plaintiff agreed to represent the defendant with respect to litigation between her and her former husband stemming from, in effect, the enforcement of certain provisions of the judgment of divorce. In 2002 the plaintiff commenced this action to recover his fee and disbursements with respect to his representation of the defendant from December 22, 1998, to May 3, 2000. The defendant moved, inter alia, to dismiss the

complaint pursuant to CPLR 3211 (a) (1) on the ground that the plaintiff failed to give her notice of her right to elect to resolve the fee dispute by arbitration. In opposition, the plaintiff contended that the rules pertaining to fee arbitration did not apply because he did not represent the defendant in a domestic relations matter. The Supreme Court denied the motion, finding, in pertinent part, that the rules were not applicable to the plaintiff's representation of the defendant.

Where an attorney and client cannot agree as to the amount of the attorney's fee, the attorney is required to provide his or her client with 30 days' written notice of the client's right to elect to resolve the dispute by arbitration (*see* 22 NYCRR 136.5 [a]). This rule applies to an attorney who undertakes to represent a client in an action to enforce a judgment of divorce (*see* 22 NYCRR 136.1; *Behrins & Behrins v Sammarco,* 305 AD2d 346 [2003]).

The plaintiff's failure to provide the defendant with notice of her right to elect to submit the fee dispute to arbitration, and his failure to allege in his complaint that the defendant received such notice and did not file a timely request for arbitration, require the dismissal of the complaint (*see Paikin v Tsirelman,* 266 AD2d 136 [1999]; *Julien v Machson,* 245 AD2d 122 [1997]). Accordingly, that branch of the defendant's motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (1) should have been granted, albeit with leave to replead after compliance with 22 NYCRR 136.5 (a). Prudenti, P.J., Florio, H. Miller, Schmidt and Cozier, JJ., concur.