OPINION OF THE COURT
Memorandum.
Order unanimously modified by providing that the dismissal of the action is without prejudice to renewal upon plaintiff’s compliance with part 137 of the Rules of the Chief Administrator of the Courts (22 NYCRR).
We find that the court below properly dismissed the present action to recover attorney’s fees, although we rest our decision upon grounds other than those cited by the court below. The complaint was dismissed as barred by a decision of the Supreme Court, Queens County (Matter of Jackson, NYLJ, Feb. 5, 2003, at 17, col 2 [Sup Ct, Queens County], affd sub nom. Matter of Johnnie R.J., 5 AD3d 684 [2004]) in which the court (Charles Thomas, J.) amplified an apparent earlier oral decision, which, as explained in the memorandum, merely barred an award of any further attorney’s fees from the estate of the alleged incapacitated person in a Mental Hygiene Law article 81 proceeding. The memorandum specifically stated that “Ms. HobsonWilliams can charge her clients any fee which they agree upon,” but that the court did not feel that a further award from the estate was proper. Contrary to defendant’s contention and to the finding of the court below, the Supreme Court did not bar the recovery of attorney’s fees from defendant.
However, the complaint must still be dismissed due to plaintiffs failure to comply with the requirements of Rules of the Chief Administrator of the Courts (22 NYCRR) part 137. Plaintiff pleaded in her complaint that her causes of action rested upon a fee agreement entered into after January 1, 2002, the effective date of part 137, although she has since argued that a prior agreement, entered into in 2001, actually governs the present matter. The current fee agreement, entered into by the parties, dated June 12, 2002, provides that it concerns “my representation of you and your sister in the Order to Show Cause to have your brother removed as guardian,” that the fee will be $225 per hour, that nine hours (accounted for in the retainer agreement) had already been expended on the matter, *60 for a total of $2,025, plus $118.30, and that a final bill would be provided upon completion. In addition, the agreement states that “I will ask the Court to permit my fees to be paid from your father’s funds.” The agreement is signed by defendant. There is no provision in it limiting plaintiffs fee to the amount the court might award from the estate of the incapacitated person.
Mental Hygiene Law § 81.16 (f) provides: “When a petition is granted, or where the court otherwise deems it appropriate, the court may award reasonable compensation for the attorney for the petitioner, including the attorney general and the attorney for a local department of social services.” Thus, attorney fee awards from the incapacitated person’s estate are within the discretion of the court, and the estate is not the exclusive source for such fees (see generally Matter of Grace PP., 245 AD2d 824 [1997]). Moreover, “[t]he petitioner may contract with her attorney for attorney’s fees in excess of what the court may award. However, the petitioner may not pay additional fees from the funds of the IP [incapacitated person] without approval of the court” (Goldfarb, New York Guide to Tax and Financial Planning for the Elderly § 10.09 [1], citing NY State Bar Assn Comm on Prof Ethics Op 689 [1997]). For these reasons, plaintiffs fee cannot be said either to be limited to the amount recovered from the estate or to have been “determined pursuant to a court order” (Rules of Chief Administrator of Cts [22 NYCRR] § 137.1 [b] [5]), and Rules of the Chief Administrator of the Courts part 137 therefore applies to plaintiffs attempt to recover the remainder of the fee.
While there is little case law construing part 137 of the Rules of the Chief Administrator of the Courts, the Appellate Division, Second Department, has ruled that compliance with the former part 136 of said rules (which covered domestic relations matters, an area now subsumed under part 137) was a condition precedent to maintaining an action to recover attorney’s fees from a client (see e.g. Herrick v Lyon, 7 AD3d 571 [2004]). The prospective attorney plaintiff must provide a written “Notice of Client’s Right to Arbitrate” (present 22 NYCRR 137.6) to the client, and plead that such notice was provided, as a condition precedent to maintaining an action to recover attorney’s fees. Because the former part 136, which, as noted, covered solely domestic relations matters, has been subsumed into the current part 137, which covers, with limited exceptions, “any civil matter” (Rules of Chief Administrator of Cts *61 [22 NYCRR] § 137.1 [a]), it is clear that the expanded provision is to be applied in the same manner as its more limited predecessor, and addresses substantially the same perceived abuses within its wider scope as were addressed by the former part 136 in domestic relations matters. Therefore, the pleading requirements set forth in Herrick govern the present dispute as well. As plaintiff has failed to demonstrate compliance with Rules of the Chief Administrator of the Courts (22 NYCRR) part 137, the complaint must be dismissed with leave to replead upon compliance with these requirements (see Herrick v Lyon, 7 AD3d 571 [2004], supra; see also Helene Greenberg Law Offs, v DiSanto, 5 Misc 3d 130[A], 2004 NY Slip Op 51316[U] [App Term, 9th & 10th Jud Dists 2004]).
Pesce, EJ., Golia and Belen, JJ., concur.