OPINION OF THE COURT
Bernice D. Siegal, J.
The within small claims action to recover legal fees is dismissed as the court finds that, as fully set forth below, the claimant has failed to provide adequate notice pursuant to 22 NYCRR 137.6, the arbitration procedure pursuant to the Fee Dispute Resolution Erogram.
*1087 The claimant commenced the within small claims actions to recover unpaid legal fees in which he was retained on January 5, 2004 to represent defendant for both a matrimonial action and a family court proceeding, pursuant to a fully executed retainer agreement with a copy of the “Statement of Client’s Rights and Responsibilities” annexed thereto. Upon the failure of defendant to remit payment against several invoices and the October 6, 2004 letter discharging claimant as defendant’s attorney and defendant’s refusal to pay the outstanding legal fees, claimant mailed on November 8, 2004, by certified mail, return receipt requested, a letter providing the following: “Pursuant to your request for information regarding arbitration of your refusal to pay my fees, please be advised that the necessary procedures and forms are available at http:www.nycourts.gov/ admin/feedisupte/lstjd.shtml. Please contact undersigned if you have any questions.” (Letter dated Nov. 8, 2004 from David B. Calendar, P.C. [claimant] to Doundley Edwards [defendant].)
It is settled law that “[w]here an attorney and client cannot agree as to the amount of the attorney’s fee, the attorney is required to provide his or her client with 30 days’ written notice of the client’s right to elect to resolve the dispute by arbitration (see 22 NYCRR 136.5 [a])” (Herrick v Lyon, 7 AD3d 571, 572 [2d Dept 2004]; see also Lorin v 501 Second St., 2 Misc 3d 646 [Civ Ct, Kings County 2003]).
The court is mindful that section 136.1 et seq., referred to in Herrick (supra [which decision concerned a retainer agreement executed in 1999]), was repealed effective January 1, 2002 and replaced by part 137. However, it has been noted that
“compliance with the former part 136 . . . (which covered domestic relations matters, an area now subsumed under part 137) was a condition precedent to maintaining an action to recover attorney’s fees from a client [citing Herrick] . . . Because the former part 136 . . . has been subsumed into the current part 137, which covers, with limited exceptions, ‘any civil matter’. . . it is clear that the expanded provision is to be applied in the same manner as its more limited predecessor, and addresses substantially the same perceived abuses within its wider scope as were addressed by the former part 136 in domestic relations matters.” (Hobson-Williams v Jackson, 10 Misc 3d 58, 60-61 [App Term, 2d & 11th Jud Dists 2005].)
The need for such notice provisions, together with the New *1088 York State Fee Dispute Resolution Program of which they form a vital part, was enunciated by the State Legislature in 22 NYCRR 137.0 in part, as follows:
“[The] Program . . . provides for the informal and expeditious resolution of fee disputes between at-, torneys and clients through arbitration and mediation. In accordance with the procedures for arbitration, arbitrators shall determine the reasonableness of fees for professional services, including costs, taking into account all relevant facts and circumstances. Mediation of fee disputes, where available, is strongly encouraged.”
The form, content and service of such notice is governed by 22 NYCRR 137.6 (a) which provides, in relevant part, the following:
“(1) . . . where the attorney and client cannot agree as to the attorney’s fee, the attorney shall forward a written notice to the client, entitled Notice of Client’s Right to Arbitrate, by certified mail or by personal service. The notice:
“(i) shall be in a form approved by the board of governors;
“(ii) shall contain a statement of the client’s right to arbitrate;
“(iii) shall advise that the client has 30 days from receipt of the notice in which to elect to resolve the dispute under this Part;
“(iv) shall be accompanied by the written instructions and procedures for the arbitral body having jurisdiction over the fee dispute, which explain how to commence a fee arbitration proceeding; and
“(v) shall be accompanied by a copy of the request for arbitration form necessary to commence the arbitration proceeding.”
Subdivision (b) provides, as is relevant hereto, that
“[i]f the attorney forwards to the client by certified mail or personal service a notice of the client’s right to arbitrate, and the client does not file a request for arbitration within 30 days after the notice was received or served, the attorney may commence an action in a court of competent jurisdiction to recover the fee . . . .”
Much was made at trial about the various addresses of defendant (including a residence address in the Bronx, New York, a *1089 post office box address — also in the Bronx, and a Georgia address) and his adamant protest that he failed to receive the purported notice to arbitrate or any invoice: the November 8, 2004 letter was returned for failure of defendant to retrieve after the third notice at his Georgia address and several invoices were likewise returned to claimant after the third notice at defendant’s Bronx address. However, the court need not look to the delivery or nondelivery of the documents as the issue of service is not dispositive in this case. Even if there were no question as to service of the purported notice and receipt of same by the defendant, the November 8, 2004 letter utilized by the claimant as the notice is unquestionably defective. It is apparent that the claimant sought to circumvent the explicit notice requirements set forth in 22 NYCRR 137.6 (a) by his own shortcut, to wit, referring the defendant client to a Web site (the court noting the absence of any evidence that defendant even had access to such Web site). Clearly, the content of such “notice” letter falls woefully short of, and in no manner comports with, the above-mentioned statutory requirements. Therefore, the court finds that the claimant failed to establish that he fulfilled a statutory condition precedent to commence the within claim (see Herrick v Lyon, supra).
Accordingly, judgment is awarded to defendant and the claim is dismissed.