■ In the Matter of the Arbitration between HARTFORD FIRE INSURANCE COMPANY, Appellant, and STEPHEN FELL, Respondent. [860 NYS2d 691]—

Carpinello, J. Appeal from an order of the Supreme Court (Egan, Jr., J.), entered November 30, 2007 in Albany County, which, among other things, denied petitioner's application pursuant to CPLR 7503 to stay arbitration between the parties.

In November 2005, while operating a motor vehicle, respondent was injured in an accident. The vehicle was owned and insured by respondent's employer, Sawhorse Lumber & More, Inc., and petitioner provided the insurance, including the supplementary uninsured/underinsured motorist coverage. In August 2007, respondent served petitioner with a request for arbitration regarding the supplementary uninsured/ underinsured motorist coverage. Petitioner commenced this proceeding seeking to permanently stay the arbitration based upon the failure of respondent to abide by certain provisions of Sawhorse Lumber's insurance policy. Finding that petitioner never provided respondent—a nonpolicyholder claimant—with a copy of the policy or the particular provisions upon which its application was based, Supreme Court, among other things, denied petitioner's application for a permanent stay of arbitration. Petitioner now appeals.

While petitioner is correct that Supreme Court apparently erred in relying on the affirmation of respondent's attorney for assertions regarding issues of which he had no firsthand knowledge (see *Zuckerman v City of New York*, 49 NY2d 557, 563 [1980]; *Daus v Cassavaugh*, 17 AD3d 837, 839 [2005]), we nevertheless affirm. The record demonstrates that respondent was not a policyholder and it is devoid of any evidence that respondent was provided with a copy of the policy or was aware of its terms.[1] Under these circumstances, petitioner cannot rely on respondent's failure to satisfy terms of an insurance contract that he did not possess and the terms of which he was not aware to obtain a stay of arbitration (see *Matter of Eveready Ins. Co. [Schwartzberg]*, 203 AD2d 101, 101-102 [1994]; *Matter of Eagle Ins. Co. [Chowdhury]*, 149 Misc 2d 227, 230 [1990]).

Finally, petitioner's assertion that respondent's opposition was untimely and should not have been considered is without merit. Petitioner served the notice of petition by mail on September 12, 2007 with a return date of October 1, 2007 (*see*

---

1. Notably, petitioner makes no notice-related arguments regarding the accident.

CPLR 7503 [c]).[2] However, in order to make effective its demand for seven days' notice of answering papers, petitioner was required to have mailed the notice of petition at least 21 days prior to the return date (*see* CPLR 2103 [b] [2]; 2214 [b]; *see generally* Siegel, Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C2215:1, 2008 Pocket Part, at 84). Accordingly, petitioner's untimeliness claim is unavailing.

Peters, J.P., Spain, Lahtinen and Malone Jr., JJ., concur. Ordered that the order is affirmed, with costs.

---

**2.** Notably, no proof appears in the record that petitioner mailed the notice "by registered or certified mail, return receipt requested," as required by CPLR 7503 (c).