OPINION OF THE COURT
Memorandum.
Ordered that the order is affirmed, without costs.
Plaintiff law firm commenced this action in September 2010 to recover legal fees from defendants, whom plaintiff had represented in a prior judicial proceeding. Plaintiff’s verified complaint contains the allegation that part 137 of the Rules of the Chief Administrator of the Courts (22 NYCRR 137.0 et seq.), governing the “Fee Dispute Resolution Program,” is inapplicable because the action falls within one of the exceptions to the program, i.e., the claim involves “substantial legal questions, including professional malpractice or misconduct” (Rules of Chief Admin of Cts [22 NYCRR] § 137.1 [b] [3]). Prior to serving an answer, defendants moved to dismiss the complaint, alleging, in an affidavit in support of the motion, that they had signed an August 27, 2009 retainer agreement with plaintiff, and that they had terminated their relationship with plaintiff on or about July 20, 2010 “for cause and malpractice.” They further alleged that the retainer agreement did not include a provision advising them of their right to arbitrate fee disputes; that prior to initiating this action, plaintiff had not sent them notice of their right to arbitrate, pursuant to Rules of the Chief Administrator of the Courts (22 NYCRR) § 137.6; and that plaintiff had not alleged in its complaint compliance with that provision, as required by Rules of the Chief Administrator of the Courts (22 NYCRR) § 137.6 (b). Defendants further contended that plaintiff had excessively billed and overcharged them for the services provided.
*60 In opposition to the motion, plaintiff noted that defendants’ letter dated July 20, 2010 stated that defendants were discharging plaintiff “with cause” due to “acts of the firm relating to legal malpractice,” and that, therefore, because defendants’ claim involved “substantial legal questions, including professional malpractice or misconduct” (Rules of Chief Admin of Cts [22 NYCRR] § 137.1 [b] [3]), this action was excepted from the application of part 137. By order dated August 10, 2011, the Civil Court denied defendants’ motion to dismiss, finding that the issue of defendants’ termination of plaintiff based on plaintiffs alleged legal malpractice was inextricably intertwined with the issue of the reasonableness of the legal fees sought by plaintiff. Accordingly, since defendants’ claim of legal malpractice could not be considered in fee dispute arbitration, defendants’ malpractice claim was a threshold issue to be determined in litigation before the fee dispute could be resolved. We affirm.
We note initially that although defendants moved to dismiss the complaint pursuant to CPLR 3211 (a) (2), on the ground of lack of subject matter jurisdiction, this ground relates to the character of the controversy of which the court is authorized to take cognizance and whether the court has the power to adjudge the general question involved in the action (see 97 NY Jur 2d, Summary Judgment and Pretrial Motions to Dismiss § 120). A plaintiffs failure to plead a substantive element of a cause of action does not affect a court’s competence to entertain an action (see Thrasher v United States Liab. Ins. Co., 19 NY2d 159, 166 [1967]). Clearly, the Civil Court has the power to adjudicate an action by an attorney seeking to recover legal fees. Accordingly, since the motion is more appropriately based upon what defendants claim to be a defective pleading, we consider the motion as having been made pursuant to CPLR 3211 (a) (7), on the ground of failure to state a cause of action.
“An attorney who institutes an action to recover a fee must allege in the complaint:
“(1) that the client received notice under this Part of the client’s right to pursue arbitration and did not file a timely request for arbitration; or “(2) that the dispute is not otherwise covered by this Part” (Rules of Chief Admin of Cts [22 NYCRR] § 137.6 [b]).
Plaintiff contends that the complaint in this case properly alleges that the fee dispute is not covered by part 137 because there are substantial legal questions involved regarding plaintiffs alleged legal malpractice.
*61 When a party moves to dismiss a complaint pursuant to CPLR 3211 (a) (7), “[initially, the sole criterion is whether the pleading states a cause of action, and if from its four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law a motion for dismissal will fail” (Guggenheimer v Ginzburg, 43 NY2d 268, 275 [1977]). While a plaintiff may submit an affidavit in response to the motion, such affidavit may not be examined in order to determine whether there is evidentiary support for the complaint (see Rovello v Orofino Realty Co., 40 NY2d 633, 636 [1976]), and a plaintiff “will not be penalized because he has not made an evidentiary showing in support of his complaint” (id. at 635) unless the plaintiffs submissions conclusively establish that the plaintiff has no cause of action. When evidentiary material is considered, the criterion will become
“whether the proponent of the pleading has a cause of action, not whether he has stated one, and, unless it has been shown that a material fact as claimed by the pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, . . . dismissal should not eventuate” (Guggenheimer v Ginzburg, 43 NY2d at 275).
Affidavits submitted by a defendant in support of a motion to dismiss pursuant to CPLR 3211 (a) (7) will almost never warrant dismissal unless they establish conclusively that the plaintiff has no cause of action (see Sokol v Leader, 74 AD3d 1180, 1182 [2010]). In this case, defendants’ affidavit failed to establish that plaintiff had no cause of action.
Where an attorney fails to comply with part 137’s pleading requirements, the appropriate remedy will generally be the dismissal of the complaint without prejudice to the commencement of a new action (see Kerner & Kerner v Dunham, 46 AD3d 372 [2007]; Herrick v Lyon, 7 AD3d 571 [2004]; Paikin v Tsirelman, 266 AD2d 136 [1999]; see also Hobson-Williams v Jackson, 10 Misc 3d 58 [App Term, 2d Dept, 2d & 11th Jud Dists 2005]). In the instant case, however, the dismissal of the complaint is not warranted at this juncture, as plaintiff did comply with the pleading requirements of part 137 by alleging that part 137 was inapplicable because the claim involves “substantial legal questions, including professional malpractice or misconduct” (Rules of Chief Admin of Cts [22 NYCRR] § 137.1 [b] [3]). Defendants’ letter, stating that they were terminating the attorney-client relationship “for cause and malpractice,” in conjunction with their affidavit in support of their motion to dismiss, which *62 specifically references that letter, supports plaintiffs contention that its pleading did not run afoul of the requirements of part 137. Under these circumstances, and as defendants did not conclusively establish that plaintiff has no cause of action (cf. Lorin v 501 Second St., 2 Misc 3d 646, 649 [Civ Ct, Kings County 2003]), their motion was properly denied.
Accordingly, the order of the Civil Court is affirmed.
Pesce, EJ., Weston and Solomon, JJ., concur.