■ GARY FRIEDMAN, P.C., Appellant, v JOHN JAY O'NEILL, Respondent. [982 NYS2d 359]—

In an action to recover legal fees, the plaintiff appeals from a judgment of the Supreme Court, Westchester County (Walker, J.), dated February 1, 2012, which, after a nonjury trial, is in favor of the defendant and against it dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

The plaintiff commenced this action to recover legal fees for services rendered to the defendant. After a nonjury trial, the Supreme Court dismissed the complaint finding, inter alia, that the plaintiff failed to comply with 22 NYCRR 137.6 and 1215.1, and failed to establish the right to recover legal fees on the basis of quantum meruit.

Except in limited circumstances, where an attorney institutes an action to recover a fee, the attorney must provide written notice by certified mail or by personal service of the client's right to elect to arbitrate and must allege in the complaint that the client received notice of his or her right to pursue arbitration and did not file a timely request to arbitrate (*see* 22 NYCRR 137.6). A plaintiff's failure to provide the defendant with written notice of his or her right to elect to submit the fee dispute to arbitration, and the failure to allege in the complaint that the defendant received such notice and did not file a timely request for arbitration, require dismissal of the complaint (*see Herrick v Lyon*, 7 AD3d 571 [2004]). Here, the Supreme Court properly dismissed the complaint upon finding that the plaintiff failed to properly serve the defendant with written notice of his right to arbitrate the fee dispute, and upon the plaintiff's failure to allege in the complaint that the defendant received such notice and did not file a timely request for arbitration (*see* 22 NYCRR 137.6; *Herrick v Lyon*, 7 AD3d 571 [2004]).

In addition, the Supreme Court properly found that the plaintiff failed to comply with the requirements of 22 NYCRR 1215.1 and failed to establish that he was entitled to recover legal fees in quantum meruit. Except in limited circumstances, an attorney must provide his or her client with a written letter of engagement or enter into a written retainer agreement explaining, inter alia, the scope of the legal services to be provided, the fees to be charged, and the expenses and billing practices (*see* 22 NYCRR 1215.1). An attorney's noncompliance with 22 NYCRR 1215.1 does not preclude him or her from recovering the value of professional services rendered on a quantum meruit basis (*see Seth Rubenstein, P.C. v Ganea*, 41 AD3d 54 [2007]). Nonetheless, an attorney who fails to comply with rule 1215.1 bears the burden of proving the terms of the retainer and establishing that the terms of the alleged fee arrangement were fair, fully understood, and agreed to by the cli-

ent (*see id.*). Here, the court properly found that the plaintiff failed to comply with 22 NYCRR 1215.1 and failed to establish that the terms of the fee arrangement were fair, fully understood, and agreed to by the defendant. Dillon, J.P., Hall, Austin and Sgroi, JJ., concur.