■ GREGG M. SIDOTI, Appellant, v FRANCIS HALL et al., Respondents. [998 NYS2d 662]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Smith, J.), dated January 8, 2013, as granted those branches of the defendants' motion which were for summary judgment dismissing the third cause of action and so much of the eighth cause of action insofar as asserted against the defendant Francis

Hall as sought to recover damages for unjust enrichment in the sum of $26,637.50, and denied his cross motion for summary judgment on the third cause of action.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendants' motion which was for summary judgment dismissing so much of the eighth cause of action insofar as asserted against the defendant Francis Hall as sought to recover damages for unjust enrichment in the sum of $26,637.50, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the third cause of action. The defendants established, prima facie, that there was no written retainer agreement, and thus, the plaintiff cannot recover legal fees on a theory of breach of contract (see 22 NYCRR 1215.1; Gary Friedman, P.C. v O'Neill, 115 AD3d 792, 793 [2014]; Utility Audit Group v Apple Mac & R Corp., 59 AD3d 707, 708 [2009]; Seth Rubenstein, P.C. v Ganea, 41 AD3d 54, 63-64 [2007]). In opposition, the plaintiff failed to raise a triable issue of fact.

However, the Supreme Court should have denied that branch of the defendants' motion which was for summary judgment dismissing so much of the eighth cause of action insofar as asserted against the defendant Francis Hall as sought to recover damages for unjust enrichment in the sum of $26,637.50. The Supreme Court granted that branch of the defendants' motion on the ground that the plaintiff was engaged in the unauthorized practice of law in Michigan. However, the defendants failed to establish, prima facie, that the plaintiff was engaged in the unauthorized practice of law in Michigan (see Mich Comp Laws § 600.916).

In light of our determination, we need not reach the plaintiff's remaining contention. Rivera, J.P., Hall, Austin and Cohen, JJ., concur.