OPINION OF THE COURT
David H. Guy, J.
Petitioner in this action is a nursing facility in which the alleged incapacitated person (AIP) is a resident. The matter came before the court for a hearing on October 23, 2014. Before any proof was presented the AIP agreed to give a power of attorney to the Tioga County Department of Social Services, which has worked with her for many years. This delegation will allow the AIP’s Medicaid application to be completed. The AIP also agreed to appoint a friend as agent under a health care proxy. Even if the AIP does not execute a health care proxy, her friend will be able to assist with medical decisionmaking under the Family Health Care Decisions Act. (Public Health Law § 2994-d [1] [fl.)
No proceeding being necessary, the petitioner requested permission to withdraw, without prejudice, which was granted by the court. Petitioner’s counsel submitted a proposed order, together with an affirmation of services, and requested that petitioner’s legal fees be paid by the AIP. Mental Hygiene Legal Service for the Third Department, court appointed counsel for the AIP, filed a letter objecting to the payment of petitioner’s legal fees from the AIP’s resources. Petitioner’s counsel responded with a letter supporting the request for fees.
It is evident from the petition and reiterated in counsel’s letter in support of the fee request that “the main purpose of this proceeding was to obtain Medicaid eligibility for AIP,” so that the petitioner could be paid for the AIP’s residence there. As counsel notes, the AIP’s continued residence at petitioner’s facility would be at risk if she were not qualified for Medicaid to provide a source of payment.
Mental Hygiene Law § 81.16 (f) provides that the court may award reasonable compensation for the attorney for the petitioner “[w]hen a petition is granted, or where the court otherwise deems it appropriate.” In any case, the award of fees *273 from the resources of the AIP is discretionary with the court. (Hobson-Williams v Jackson, 10 Misc 3d 58 [App Term, 2d Dept, 2d & 11th Jud Dists 2005].)
This is not an appropriate case for the court to exercise its discretion to award fees for petitioner’s counsel from the AIP’s resources. This action was initiated by the nursing facility because it was not being paid by a resident. To state, as counsel does, the main purpose of this proceeding was not to recover money from, or on behalf of, the AIP is disingenuous.
That is not to say that petitioner’s commencement of this Mental Hygiene Law article 81 proceeding was ill-advised or inappropriate. Clearly, petitioner is entitled to be paid for the services it provides to residents. The commencement of this action triggered events which culminated in the AIP taking action to address petitioner’s needs, as well as her own.
This is a case where a service provider deemed it necessary to commence legal action to recover payment due it for services provided. The facts of this case are analogous to an action by a finance company to collect payment on an automobile loan not being paid by a purchaser. There are risks associated with collecting payment from customers for services provided. Sometimes legal action is necessary. In this case the cost associated with addressing the risk of a nonpaying customer is a business cost to be born by petitioner. An added advantage to petitioner in this case, as compared to the analogous case of a car loan in default, is that the AIP’s actions also ensure the petitioner will be paid going forward, without risk of future default.
There is no evidence that petitioner is unable to afford to pay its own counsel. (Matter of Kurt T, 64 AD3d 819 [3d Dept 2009].) In fact, petitioner is in a much better position to pay its counsel fees than is the AIP, who receives only Social Security income. Counsel acknowledges its awareness of the AIP’s lack of resources by requesting the court direct that any awarded legal fees be paid from the AIP’s net available monthly income. Counsel cites a letter from the New York City Human Resources Administration (HRA) indicating such payment is authorized. Counsel’s reliance on HRA’s legal opinion, even if it were relevant in Broome County, is misplaced. The AIP has only Social Security income, which is not subject to reduction for payment of court awarded legal fees per HRA’s policy.
Petitioner’s request for payment of its legal fees from the AIP’s resources is denied.