■ KEVIN COLE, Appellant, v JW's PUB, Respondent, et al., Defendant. (And a Third-Party Action.) [19 NYS3d 434]—In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much an order of the Supreme Court, Suffolk County (Garguilo, J.), dated May 2, 2014, as granted the motion of the defendant JW's Pub for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendant JW's

Pub for summary judgment dismissing the complaint insofar as asserted against it is denied.

On July 3, 2010, at approximately 12:30 a.m., the plaintiff was a patron at a tavern owned and operated by the defendant JW's Pub, when he allegedly was assaulted with a beer bottle by another patron of the tavern. The plaintiff commenced this action to recover damages for personal injuries, and JW's Pub moved for summary judgement dismissing the complaint insofar as asserted against it. The Supreme Court granted the motion.

JW's Pub failed to demonstrate its prima facie entitlement to judgment as a matter of law. Specifically, it failed to eliminate all triable issues of fact as to whether the assault on the plaintiff by another patron of JW's Pub was unforeseeable and unexpected (see Rishty v DOM, Inc., 67 AD3d 662, 663 [2009]; Panzera v Johnny's II, 253 AD2d 864, 865 [1998]; cf. Kiely v Benini, 89 AD3d 807, 809 [2011]), or whether the assault reasonably could have been anticipated and prevented (see Solomon v National Amusements, Inc., 128 AD3d 947, 947 [2015]; Rishty v DOM, Inc., 67 AD3d at 663; Boyea v Aubin, 65 AD3d 736, 737-738 [2009]; see also Bryan v Crobar, 65 AD3d 997, 999 [2009]). Since JW's Pub failed to demonstrate its prima facie entitlement to judgment as a matter of law, the Supreme Court should have been denied its motion for summary judgment without regard to the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).

The plaintiff's remaining contentions are improperly raised for the first time on appeal. Hall, J.P., Roman, Sgroi and Hinds-Radix, JJ., concur.