■ PASCAZI LAW OFFICES, PLLC, Appellant, v PIONEER NATURAL POOLS, INC., et al., Respondents. [25 NYS3d 325]—

In an action, inter alia, to recover unpaid legal fees, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Brands, J.), dated February 25, 2014, which denied its motion for summary judgment on the issue of liability against the defendant Andrea Sardelli and to dismiss the counterclaim of the defendant Taconic Holdings, LLC, granted the cross motion of the defendants Andrea Sardelli, Tuscany Pools by Andrea, LLC, and Pioneer Pools, Inc., for summary judgment dismissing the complaint, and thereupon vacated so much of a prior order of the same court, dated January 2, 2013, as granted the plaintiff's motion for leave to enter a default judgment against the defendant Pioneer Natural Pools, Inc.

Ordered that the order is modified, by adding a provision thereto reciting that the dismissal of the complaint is without prejudice to the commencement of a new action by the plaintiff, if it be so advised, following its compliance with the notice and arbitration requirements of 22 NYCRR part 137; as so modified, the order is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

Except in limited circumstances, where an attorney commences an action to recover a fee, the attorney must provide written notice by certified mail or by personal service of the client's right to elect to arbitrate and must allege in the complaint that the client received notice of his or her right to pursue arbitration and did not file a timely request to arbitrate or that the dispute is not otherwise covered by the rules governing the resolution of attorney-client fee disputes by arbitration (*see* 22 NYCRR 137.6; *Gary Friedman, P.C. v O'Neill*, 115 AD3d 792, 793 [2014]). A plaintiff's failure to provide the defendant

with written notice of his or her right to elect to submit the fee dispute to arbitration, and the failure to allege in the complaint that the defendant received such notice and did not file a timely request for arbitration, or that fee dispute arbitration is inapplicable to the matter for specified reasons, requires dismissal of the complaint (*see Gary Friedman, P.C. v O'Neill*, 115 AD3d at 793; *Herrick v Lyon*, 7 AD3d 571 [2004]).

Here, it is undisputed that the plaintiff failed to provide the defendants with notice of their right to arbitrate the plaintiff's claim for unpaid fees, and further failed to allege either compliance with the notice requirements of 22 NYCRR 137.6 (a) (1), or that the matter is not covered by the Fee Dispute Resolution Program (22 NYCRR part 137) for one or more of the reasons specified in 22 NYCRR 137.1. Furthermore, the reasons proffered by the plaintiff in support of its motion for summary judgment on the issue of liability against Andrea Sardelli and in opposition to the cross motion of the defendants Sardelli, Tuscany Pools by Andrea, LLC, and Pioneer Pools, Inc., as to why the Fee Dispute Resolution Program is inapplicable to this matter are without merit, as the unpaid balance of the fee is contested, all of the parties' claims arise from and are derivative of the plaintiff's claim for attorney fees, and the purported waivers of the right to arbitrate set forth in the letters of engagement drafted by the plaintiff were invalid. Accordingly, the Supreme Court correctly determined that the complaint should be dismissed in its entirety (*see Gary Friedman, P.C. v O'Neill*, 115 AD3d 792 [2014]; *Kerner & Kerner v Dunham*, 46 AD3d 372 [2007]; *Herrick v Lyon*, 7 AD3d 571 [2004]; *Doniger & Engstrand, LLP v Carlomagno*, 48 Misc 3d 132[A], 2015 NY Slip Op 51057[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2015]; *Fulfree v Kaloedas*, 39 Misc 3d 145[A], 2013 NY Slip Op 50846[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2013]; *Noel F. Caraccio, PLLC v Thomas*, 29 Misc 3d 1230[A], 2010 NY Slip Op 52094[U] [Rye City Ct 2010]; *Messenger v Deem*, 26 Misc 3d 808 [Sup Ct, Westchester County 2009]). However, under the circumstances herein, the dismissal should have been without prejudice to the commencement of a new action, should the plaintiff be so advised, following its compliance with the notice and arbitration requirements of 22 NYCRR part 137.

Contrary to the plaintiff's contention, the Supreme Court also properly denied that branch of its motion which was for summary judgment dismissing the counterclaim of the defendant Taconic Holdings, LLC. The plaintiff failed to demonstrate its prima facie entitlement to judgment as a matter of law

dismissing that counterclaim, thus warranting the denial of summary judgment without regard to the sufficiency of the opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]; *Cole v JW's Pub*, 133 AD3d 815 [2015]; *Leacock v Leacock*, 132 AD3d 818 [2015]).

Finally, under the circumstances presented, the Supreme Court did not improvidently exercise its discretion in vacating so much of its prior order dated January 2, 2013, as granted the plaintiff's motion for a default judgment against the defendant Pioneer Natural Pools, Inc. Mastro, J.P., Hall, Maltese and LaSalle, JJ., concur.