■ A. BERNARD FRECHTMAN, Appellant, v ALLEN GUTTERMAN et al., Respondents. [36 NYS3d 1]—

Order, Supreme Court, New York County (Cynthia S. Kern, J.), entered on or about October 30, 2015, which denied plaintiff's motion for summary judgment awarding him legal fees and expenses in the amount of $57,664.07, unanimously affirmed, without costs.

Defendant's claim that plaintiff is not entitled to legal fees because he no longer has an office in New York is unpreserved, as it was not raised before the motion court, and, in any event, is unavailing (*see Matter of Garrasi*, 29 Misc 3d 822, 830 [Sur Ct, Schenectady County 2010]). Moreover, plaintiff has conceded that there was no retainer agreement, and thus, his breach of contract claim fails as a matter of law (*see Seth Rubenstein, P.C. v Ganea*, 41 AD3d 54, 59 [2d Dept 2007]).

However, plaintiff's failure to comply with the rules on retainer agreements (22 NYCRR 1215.1) does not preclude him from seeking to recover legal fees for the services he provided, such as on a quantum meruit and account stated basis (*see Miller v Nadler*, 60 AD3d 499 [1st Dept 2009]; *Seth Rubenstein, P.C. v Ganea*, 41 AD3d at 59-60). Faced with conflicting affidavits, the billing statements, and email correspondence between the parties, the motion court properly denied summary judgment on plaintiff's remaining claims, as there are triable issues, including whether defendants received a statement from plaintiff without objecting to it (*see Dreyer & Traub v Rubinstein*, 191 AD2d 236 [1st Dept 1993]).

Plaintiff's request for a hearing is academic, since the motion court directed that a hearing be held to determine if plaintiff was discharged for cause, and, if he was not, to determine the reasonable value of his services (*see Teichner v W & J Holsteins*, 64 NY2d 977, 979 [1985]). The trial court acted well within its discretion in not ordering an immediate trial under CPLR 3212 (c). Concur—Acosta, J.P., Renwick, Saxe, Richter and Gische, JJ.