Zisholtz & Zisholtz, LLP v Mandel (2018 NY Slip Op 07349)





Zisholtz & Zisholtz, LLP v Mandel


2018 NY Slip Op 07349


Decided on October 31, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 31, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOSEPH J. MALTESE
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2017-00471
 (Index No. 2657/11)

[*1]Zisholtz & Zisholtz, LLP, respondent, 
v
Neal Mandel, appellant, et al., defendants.


Henry Law Group, Lindenhurst, NY (William L. McCormick of counsel), for appellant.
Zisholtz & Zisholtz, LLP, Mineola, NY (Stuart S. Zisholtz of counsel), respondent pro se.



DECISION & ORDER
In an action to recover attorneys' fees, the defendant Neal Mandel appeals from a judgment of the Supreme Court, Nassau County (Angela G. Iannacci, J.), entered October 12, 2016. The judgment, upon an order of the same court dated May 19, 2016, which granted the plaintiff's motion for leave to enter a judgment against the defendant Neal Mandel upon his failure to comply with an alleged stipulation of settlement made in this action, and denied, as untimely, the cross motion of the defendants Neal Mandel, Diane Mandel, Consolidated Construction Group, LLC, and First American Loan Modification, LLC, to dismiss the complaint pursuant to CPLR 3211(a)(7), is in favor of the plaintiff and against the defendant Neal Mandel in the total sum of $54,025.
ORDERED that the judgment is reversed, on the law, with costs, the plaintiff's motion for leave to enter a judgment against the defendant Neal Mandel upon his failure to comply with an alleged stipulation of settlement made in this action is denied, and the cross motion of the defendants Neal Mandel, Diane Mandel, Consolidated Construction Group, LLC, and First American Loan Modification, LLC, to dismiss the complaint pursuant to CPLR 3211(a)(7) is granted, the order dated May 19, 2016, is modified accordingly, and the complaint is dismissed, without prejudice to the commencement of a new action by the plaintiff, if it be so advised, following its compliance with the notice and arbitration requirements of 22 NYCRR part 137.
The plaintiff, a law firm, commenced this action to recover attorneys' fees in the sum of $200,000. The plaintiff subsequently moved for leave to enter a judgment against the defendant Neal Mandel (hereinafter the appellant) upon his failure to comply with an alleged stipulation of settlement made in this action. In support of its motion, the plaintiff contended, among other things, that the parties entered into an open court settlement before Justice R. Bruce Cozzens on January 28, 2016, pursuant to which the matter was settled for the payment of the sum of $33,000 by the appellant to the plaintiff. The plaintiff also submitted a letter dated March 2, 2016, to the appellant and defense counsel. The letter stated, inter alia, that the appellant had failed to make payment upon "the settlement agreement agreed upon on January 28, 2016," and, unless payment was made within 10 days after the date of the letter, the plaintiff would pursue all of its rights under the terms of the agreement. However, in further support of its motion, the plaintiff submitted a written document entitled "Stipulation of Settlement," dated January 29, 2016 (hereinafter the January 29 stipulation). [*2]In an accompanying affidavit, the plaintiff's principal, Stuart S. Zisholtz, averred that the January 29 stipulation was sent to his firm on January 29, 2016, by defense counsel, and that the plaintiff had rejected the January 29 stipulation on the ground that it required the plaintiff to, among other things, discharge its retaining lien and release certain files to the defendants upon execution of the January 29 stipulation.
In opposition to the plaintiff's motion and in support of a cross motion by the appellant and the defendants Diane Mandel, Consolidated Construction Group, LLC, and First American Loan Modification, LLC (hereinafter collectively the cross movants), to dismiss the complaint pursuant to CPLR 3211(a)(7), defense counsel agreed that the plaintiff rejected its offer to settle the dispute in accordance with the January 29 stipulation and disputed the existence of any open court settlement on January 28, 2016. The cross movants contended that the complaint should be dismissed pursuant to CPLR 3211(a)(7) based upon the plaintiff's failure to, inter alia, comply with the notice and arbitration requirements of 22 NYCRR part 137. In an order dated May 19, 2016, the Supreme Court granted the plaintiff's motion and denied the cross motion as untimely. We reverse.
Contrary to the plaintiff's contention, it failed to submit any evidence that the purported open court settlement agreement of January 28, 2016, constituted a valid and binding settlement agreement pursuant to CPLR 2104 (see Diarassouba v Urban, 71 AD3d 51, 54; Maldonado v Novartis Pharms. Corp., 40 AD3d 940). Rather, the plaintiff submitted only the January 29 stipulation, which was not executed by the plaintiff. Therefore, the January 29 stipulation did not constitute an enforceable settlement agreement binding upon the plaintiff and the appellant (see CPLR 2104). In the absence of an enforceable settlement agreement, the Supreme Court should have denied the plaintiff's motion.
We also disagree with the Supreme Court's determination denying the cross motion as untimely. The plaintiff served its motion by regular mail on March 17, 2016, with a return date of April 6, 2016. In order to make effective its demand for seven days' notice of answering papers or a cross motion (see CPLR 2214[b]; CPLR 2215), the plaintiff was required to have mailed its motion papers at least 21 days prior to the return date (see CPLR 2103[b][2]; CPLR 2214[b]; Matter of Hartford Fire Ins. Co. v Fell, 53 AD3d 760, 761-762). The plaintiff mailed its motion papers only 20 days before the return date. Thus, the cross motion, which was served six days before the return date, was timely (see CPLR 2215).
On the merits, in light of the absence of an enforceable agreement to settle this action, the Supreme Court should have granted the cross motion to dismiss the complaint pursuant to CPLR 3211(a)(7). "A plaintiff's failure to provide the defendant with written notice of his or her right to elect to submit the fee dispute to arbitration, and the failure to allege in the complaint that the defendant received such notice and did not file a timely request for arbitration, or that fee dispute arbitration is inapplicable to the matter for specified reasons, requires dismissal of the complaint" (Pascazi Law Offs., PLLC v Pioneer Natural Pools, Inc., 136 AD3d 878, 878-879; see Gary Friedman, P.C. v O'Neill, 115 AD3d 792, 793; Herrick v Lyon, 7 AD3d 571). Here, the complaint fails to allege either compliance with the notice requirements of 22 NYCRR 137.6(a)(1), or that the matter is not covered by the Fee Dispute Resolution Program (22 NYCRR part 137) for one or more reasons specified in 22 NYCRR 137.1 (see Pascazi Law Offs., PLLC v Pioneer Natural Pools, Inc., 136 AD3d at 879; Kerner and Kerner v Dunham, 46 AD3d 372). However, under the circumstances of this case, the dismissal is without prejudice to the commencement of a new action by the plaintiff, if it be so advised, following its compliance with the notice and arbitration requirements of 22 NYCRR part 137 (see Pascazi Law Offs., PLLC v Pioneer Natural Pools, Inc., 136 AD3d at 879).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
RIVERA, J.P., MALTESE, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court