Matter of Amy A. (Vlack) (2022 NY Slip Op 04963)

Matter of Amy A. (Vlack)

2022 NY Slip Op 04963

Decided on August 17, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 17, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
SHERI S. ROMAN
LINDA CHRISTOPHER
WILLIAM G. FORD, JJ.

2020-06827
 (Index No. 3035/19)

[*1]In the Matter of Amy A. (Anonymous). Jeffrey Vlack, etc., petitioner; H. (Anonymous), et al., appellants; Robin Burner Daleo, nonparty-respondent.

Moritt Hock & Hamroff, LLP, Garden City, NY (Robert L. Schonfeld of counsel), for appellants.
The Law Offices of Gabriele Burner Shakeri, PLLC, Mt. Sinai, NY (Gabriele Shakeri of counsel), for nonparty-respondent.

DECISION & ORDER
In a proceeding pursuant to Surrogate's Court Procedure Act § 1750-b, to authorize the petitioner to insert a percutaneous endoscopic gastrostomy tube with restraints and/or sedation, as clinically indicated, in the patient, Amy A., the patient's guardians, H. and H.A., appeal from an order of the Supreme Court, Suffolk County (Richard I. Horowitz, J.), dated May 4, 2020. The order awarded nonparty Robin Burner Daleo the sum of $2,490 in counsel fees for representing the patient in this proceeding and directed the patient's guardians, H. and H.A., to pay those counsel fees out of their own assets.
ORDERED that the order is modified, on the law, by deleting the provision thereof directing the patient's guardians, H. and H.A., to pay counsel fees awarded to nonparty Robin Burner Daleo out of their own assets; as so modified, the order is affirmed, with costs to the patient's guardians, H. and H.A. , and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings consistent herewith.
The appellants are the parents and legal guardians of Amy A., who was born in 1970, developmentally delayed in all areas. At the age of 20, Amy A. became a resident of a community residence program in Babylon, operated by the Family Residences and Essential Enterprises, Inc. In April 2019, Amy A. was brought to Good Samaritan Hospital, where she was placed in a medically induced coma and intubated for approximately two weeks. Thereafter, she became bedridden and was unable to properly swallow and eat through her mouth.
By order to show cause dated June 7, 2019, the petitioner commenced this proceeding pursuant to Surrogate's Court Procedure Act § 1750-b, to authorize the petitioner to insert a percutaneous endoscopic gastrostomy tube (hereinafter PEG tube), with restraints and/or sedation, as clinically indicated. In the order to show cause, nonparty Robin Burner Daleo was appointed as the attorney for Amy A., "to protect her rights and interests." The appellants submitted an affidavit in opposition stating that they consented to the insertion of a PEG tube, but if Amy A. ripped out the PEG tube a number of times, "we may reach a point where we do not agree with continued physical or chemical restraint." By order dated June 13, 2019, the Supreme Court granted the petition.
In an affirmation dated August 19, 2019, Daleo sought counsel fees in the sum of $3,240 for her services, and the sum of $210 for the services of her paralegal, for a total sum of $3,450, based upon an itemized list of hours spent by both her and her paralegal. In her affirmation, Daleo noted that she had practiced in the area of guardianships since 2010.
By order dated May 4, 2020, the Supreme Court awarded Daleo the sum of $2,490. The order stated that the court considered: "(1) the time and labor required, the difficulty of the questions involved, and the skill required to handle the problems presented, (2) experience, ability and reputation, (3) the amount involved and the benefit flowing to the ward as a result of the Counsel's services, (4) the fees awarded in similar cases, (5) the contingency or compensation, (6) the result obtained, and (7) the responsibility involved." The court went on to state that it considered "particularly the nature of the services rendered, the time expended and the rate of compensation typically awarded for comparable services in the Mental Hygiene Law Article 81."
Contrary to the appellant's contentions, the reasons for the amount of counsel fees awarded were adequately explained. However, as noted by the appellants, the Supreme Court provided no explanation as to why the fees were payable by the appellants as guardians out of their assets. Mental Hygiene Law § 81.10(f) provides that fees for private attorneys appointed pursuant to that section are to be paid by the person alleged to be incapacitated, unless the court is satisfied that that person is indigent (see Matter of John T., 42 AD3d 459, 462; Matter of Grace PP., 245 AD2d 824, 825). In the absence of any explanation as to why the appellants were directed to pay, out of their own assets, the counsel fees awarded to Daleo, we remit the matter to the Supreme Court, Suffolk County, for a new determination, with explanation, as to which party should pay the counsel fee award.
The appellants' remaining contention is without merit.
CONNOLLY, J.P., ROMAN, CHRISTOPHER and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court