Law Offs. of Tricia S. Lindsey, P.C. v Swain (2025 NY Slip Op 25124)

[*1]

Law Offs. of Tricia S. Lindsey, P.C. v Swain

2025 NY Slip Op 25124

Decided on May 1, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Miscellaneous Reports.

Decided on May 1, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : ELENA GOLDBERG-VELAZQUEZ, J.P., JERRY GARGUILO, GRETCHEN WALSH, JJ

2023-1074 N C

Law Offices of Tricia S. Lindsey, P.C., Respondent,
against
Barbara J. Swain, Appellant. 

Barbara J. Swain, appellant pro se.
Panteris & Panteris, LLP (George Panteris of counsel), for respondent.

Appeal from a judgment of the District Court of Nassau County, First District (Gary M. Carlton, J.), entered July 11, 2023. The judgment, insofar as appealed from as limited by the brief, after a nonjury trial, awarded plaintiff the principal sum of $7,270.

ORDERED that the judgment, insofar as appealed from, is reversed, without costs, and the matter is remitted to the District Court for a new trial limited to so much of the complaint as sought to recover on the basis of an account stated for a December 1st invoice in the amount of $5,710.
In this action for attorney's fees, plaintiff seeks to recover the principal sum of $7,270 from its former client, alleging causes of action for breach of contract and an account stated. Defendant denies liability. At a nonjury trial, it was established that defendant had retained plaintiff to represent her in connection with an employment discrimination claim. The parties initially entered into a "limited" Administrative Retainer Agreement, which plaintiff prepared, followed by a second Administrative Retainer Agreement, which plaintiff also prepared. That agreement provided that defendant would pay plaintiff "$5,000.00 as an Initial Retainer representing no more than sixteen (16) hours of legal work. Thereafter the client shall be billed at an hourly rate of $300.00 per hour." Neither Administrative Retainer Agreement included any statement of defendant's right to arbitrate fee disputes (see Rules of the Appellate Division, All Departments [22 NYCRR] § 1215.1).
Plaintiff's principal attorney testified that she had represented defendant for several months and that her office had sent defendant monthly invoices from September 1, 2020 through February 1, 2021, including an invoice dated December 1, 2020, which showed a balance due of $5,710.
Following the trial, the District Court (Gary M. Carlton, J.) awarded plaintiff the principal sum of $7,270, upon findings that the two signed retainer agreements "were indicative of a contract between the parties"; that, although plaintiff had not submitted "the best evidence of the claimed certified mailing" to defendant of her right to arbitration, there was a "presumption of mailing"; and that the complaint had "referenced the defendant being offered arbitration and at no point in the instant litigation did she demand it." A judgment was entered on July 11, 2023, which defendant has paid. On appeal, defendant seeks restitution of the judgment amount.
Defendant noticed her appeal before she paid the judgment, and there is no evidence that the payment was made "by way of compromise, or with an agreement not to take or pursue an appeal" (Hayes v Nourse, 107 NY 577, 579 [1887]). Thus, there is no merit to plaintiff's contention that defendant's payment of the judgment renders the appeal moot (see Board of Directors of the Old Yorktown Vil. Corp. v Hitt, 2003 NY Slip Op 51228[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2003]; see also Matter of Seagroatt Floral Co. [Riccardi], 78 NY2d 439, 448, n 4 [1991]).
Part 137 of the Rules of the Chief Administrator of the Courts requires that, subject to certain exceptions not relevant to the present appeal (see Rules of Chief Admr of Cts [22 NYCRR] § 137.1 [b]), clients be offered the opportunity to arbitrate fee disputes with their attorneys (see Rules of Chief Admr of Cts [22 NYCRR] § 137.2). The Rules of the Appellate Division, All Departments (22 NYCRR) § 1215.1 mandates that the client be informed of that right, either in a written letter of engagement or else in a written retainer agreement. As a prerequisite to the commencement of a lawsuit for attorney's fees, an attorney is required to, among other things, send the client, by certified mail or by personal service, a written "Notice of Client's Right to Arbitrate" (see Rules of Chief Admr of Cts [22 NYCRR] § 137.6 [a]). The failure to comply with these rules requires dismissal of a breach of contract cause of action (see Pascazi Law Offs., PLLC v Pioneer Natural Pools, Inc., 136 AD3d 878, 878-879 [2016] [dismissal was "without prejudice to the commencement of a new action by the plaintiff, if it be so advised, following its compliance with the notice and arbitration requirements of 22 NYCRR part 137"]).
Here, neither of the retainer agreements between the parties informed defendant of her right to arbitration; nor was there any evidence of a written letter of engagement informing defendant of her right to arbitrate an attorney fee dispute. Defendant denied plaintiff's allegation that defendant had been sent notice of her right to arbitrate the dispute, and, at the trial, plaintiff failed to establish either a certified mailing or personal service on defendant of a notification of her right to arbitration as required by Rules of the Chief Administrator of the Courts (22 NYCRR) § 137.6 [a]). In the circumstances, we find that plaintiff's cause of action for breach of contract should have been dismissed (see Pascazi Law Offs., PLLC v Pioneer Natural Pools, Inc., 136 AD3d at 878-879; Sidoti v Hall, 124 AD3d 760, 760 [2015]; Gary Friedman, P.C. v [*2]O'Neil, 115 AD3d 792, 793 [2014]; Seth Rubenstein, P.C. v Ganea, 41 AD3d 54 [2007]).[FN1]

However, plaintiff also asserted a cause of action on an account stated. A "plaintiff's failure to comply with the rules on retainer agreements (22 NYCRR 1215.1) does not preclude [it] from seeking to recover legal fees for the services [it] provided, such as on a quantum meruit and account stated basis" (Frechtman v Gutterman, 140 AD3d 538, 538 [2016]; see Jaffe Ross & Light, LLP v Mann, 121 AD3d 480, 481 [2014]; Roth Law Firm, PLLC v Sands, 82 AD3d 675 [2011]; Miller v Nadler, 60 AD3d 499 [2009]). Consequently, plaintiff is not barred from recovering under its second cause of action based on an account stated.[FN2]
" 'An account stated is an agreement between parties, based upon their prior transactions, with respect to the correctness of the account items and the specific balance due' (Citibank [South Dakota], N.A. v Abraham, 138 AD3d 1053, 1056 [2016]). The agreement may be express or implied where a defendant retains bills without objecting to them within a reasonable period of time, or makes partial payment on the account (see id. at 1056; Citibank [S.D.], N.A. v Brown- Serulovic, 97 AD3d 522, 523 [2012]). In order to establish a prima facie case to recover on an account stated, the plaintiff must establish that it submitted invoices and that the defendant received and retained the invoices without objection for an unreasonable period of time (see Finger & Finger, A Professional Corp. v Buckingham Owners, Inc., 165 AD3d 887, 888 [2018])" (Bank of Am. v Ball, 188 AD3d 974, 974 [2020]).
Plaintiff's witness testified that she had made contemporaneous entries of the time she spent working on defendant's matters into plaintiff's computer system, and that, in the regular course of business, those entries had been transmitted to plaintiff's accountant and invoices had been mailed to defendant. She did not, however, testify to the personal knowledge concerning plaintiff's accountant's mailing practices which would be required to support a presumption of mailing and receipt, and failed to proffer any evidence to demonstrate that the invoices had actually been delivered to defendant or that defendant had otherwise received them. Moreover, defendant denied receipt of any invoice except for the December 1, 2020 invoice in the amount [*3]of $5,710. While defendant admitted receiving that invoice, she also claimed that she objected to it; however, the record is not clear as to when defendant received that bill or when an objection thereto was raised. Thus, the record does not demonstrate whether defendant objected to that bill within a reasonable period of time (see Legum v Ruthen, 211 AD2d 701, 703 [1995] ["Whether a bill has been held without objection for a period of time sufficient to give rise to an inference of assent, in light of all the circumstances presented, is ordinarily a question of fact"]; see also Landau v Weissman, 78 AD3d 661, 662 [2010]; Yannelli, Zevin & Civardi v Sakol, 298 AD2d 579, 580 [2002]). Consequently, we find that the matter should be remitted for a new trial limited to so much of the complaint as sought to recover on an account stated on that bill.
Accordingly, the judgment, insofar as appealed from, is reversed and the matter is remitted to the District Court for a new trial limited to so much of the complaint as sought to recover on the basis of an account stated for the December 1st invoice in the amount of $5,710.
GOLDBERG-VELAZQUEZ, J.P., GARGUILO and WALSH, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 1, 2025

Footnotes

Footnote 1: We agree with plaintiff that, under the circumstances presented, particularly the fact that when defendant was made aware of her right to arbitrate, she did not seek it (as noted in the court's decision), defendant waived her entitlement to elect fee dispute arbitration under the Rules of the Chief Administrator of the Courts (22 NYCRR) Part 137 (cf. Doniger & Engstrand, LLP v Carlomangno, 48 Misc 3d 132[A], 2015 NY Slip Op 51057[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2015]), thereby permitting this lawsuit to proceed.

Footnote 2: We note that plaintiff did not assert a right to recover under quantum meruit, nor did she prove the elements required for quantum meruit at trial.